[Civil No. 348.    Filed January 28, 1893.]

[33 Pac. 589.]

GEORGE BRAVIN, Plaintiff and Appellant, v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF TOMBSTONE, and FRANK RYAN, Chief of Police, Defendants and Appellees.

1. PLEADING—PARTIES—MISNOMER—CORPORATE NAME.—In an action against "The Mayor and Common Council of the City of Tombstone," a plea in abatement of the action, of misnomer of the corporation defendant, in that the corporate name is "The City of Tombstone, of the Territory of Arizona," and not "The Mayor," etc., as pleaded, is properly sustained.

2. SPECIAL LEGISLATION—ACT OF MARCH 16, 1891, VOID—IN CONFLICT WITH "HARRISON ACT" (REV. STATS. ARIZ. 1901, PAR. 63).—The Territorial Act of March 16, 1891, providing "that in all cities in which the total vote cast at the general election held therein on the fourth day of November, 1890, was less than six hundred," the functions of the city assessor, city tax-collector, city license-tax-collector, and street commissioner shall be incident, *ex officio*, to the office of chief of police, is special legislation and a violation of the Harrison Act, it appearing that Tombstone is the only city of that class, and that no provision is made whereby other cities may, in the future, come within its terms and operation.

3. SAME—CITIES—CLASSIFICATION.—To avoid objections as to legislation being special or local in character, the classification of municipalities

and the incidental imposition of different powers to them according to such classification, must be such that other municipalities may, upon the attainment of the conditions characterizing any particular class, enter that class, and the conditions themselves must be not only possible, but reasonably probable of attainment.

4. Same—General Laws—Legislature Judge When Applicable in Cases not Enumerated—Harrison Act.—The Harrison Act enumerates certain subjects upon which there shall not be local or special legislation. It further provides that, "in all other cases where a general law can be made applicable, no special law shall be enacted." The rule that the legislature is to be the judge of the applicability of a general law, not the courts, applies only to these "other cases," not to those specifically enumerated.

5. Office and Officers—Usurpation—Damages—Rev. Stats. Ariz. 1887, Par. 3195, Construed.—Under a statute providing that if judgment be rendered upon the right of any person to any office in his favor, he may recover the damages he shall have sustained by reason of the usurpation of the office by the defendant, it is error to sustain the special demurrer of the incumbent of any office holding under a void act of the legislature to that part of the complaint for the recovery of the office which alleges damages.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Cochise. Richard E. Sloan, Judge. Affirmed in part. Reversed in part.

The facts are stated in the opinion.

Barnes & Clark, for Appellant.

The court takes judicial notice of the fact that this act applies only to Tombstone. *Devine* v. *Commissioners of Cook County*, 84 Ill. 592.

On its face it is apparent that this act is most artfully drawn, to the end that while it appears to be general it shall in fact affect but one city. Such legislation is clearly void, and is prohibited by the Harrison Act (Rev. Stats. Ariz. 1887, p. 36) which says that legislatures "shall not pass local or special laws, incorporating cities, towns, or villages, or changing or amending the charters of any town, city, or village."

Outside of the Harrison Act, it has been held that a special act of the legislature cannot be altered, changed, or amended by a general law. *Brown* v. *City of Denver*, 7 Colo. 305, 3 Pac. 455; *State* v. *Miles*, 34 N. J. L. 177.

If the law be general, then it does not change or alter the special acts creating the city of Tombstone and enacting its charter. Laws of 1881, p. 37; Laws of 1885, p. 315.

If it be not a general law, then it is a special act, and is prohibited. But we contend this is changing a special act. Its title clearly indicates it. Its terms say it shall apply only to cities which at a date in the past cast at a certain election six hundred votes.

The court knows that but one city in Arizona is included, and it was so drawn as to carefully exclude every other city. The exact number of votes—viz., six hundred—was selected so as to designate the city of Tombstone and no other. This is not classification based upon population, which may also embrace other cities, or may embrace one city to-day and others to-morrow, which has been upheld, or any other basis of classification by which it is apparent that all cities of a class were intended to be embraced in the act. This act is on its face intended to exclude all but one city, and is artfully drawn to that end. This is a mere evasion of the prohibitions of the Harrison Act; and whenever this appears the court will not hesitate to pronounce the act void. *Devine* v. *Commissioners of Cook County,* 84 Ill. 592; *Potwin* v. *Johnson,* 103 Ill. 70; *Holmes* v. *Mattoon,* 111 Ill. 27, 53 Am. Rep. 602. See, also, in the American Law Review, May-June, 1888, p. 403, an article by J. R. Berryman which treats exhaustively this subject.

The test of the latest cases is: A law which applies to a class in which others may enter by increase is not special, but general, if the grade of any particular city be not designated by the act, but depends upon the growth, as by growth it may pass from one grade or class into another. If the act apply to a city having at the last census a designated number of inhabitants and no more, it is void. Am. Law Rev. 1888, p. 413; *State* v. *Anderson,* 44 Ohio St. 247, 6 N. E. 571.

In Pennsylvania classification by population alone is recognized. *Davis* v. *Clark,* 106 Pa. St. 377; *Scranton* v. *Silkman,* 113 Pa. St. 199, 6 Atl. 146; *Commonwealth* v. *Patum,* 88 Pa. St. 256.

New Jersey holds, "Classification must provide for the future. If it be limited to existing conditions, it will be void." *Pavonia R. Co.* v. *Jersey City,* 45 N. J. L. 297; *Cout-*

*teri* v. *New Brunswick,* 44 N. J. L. 45; *Ziegler* v. *Gaddis,* 44 N. J. L. 363; *Van Giesen* v. *Bloomfield,* 47 N. J. L. 442, 2 Atl. 249; *Gibbs* v. *Morgan,* 39 N. J. Eq. 126.

Kansas recognizes classification by population only. *Topeka* v. *Gillette,* 32 Kan. 431, 43 Pac. 800.

Missouri holds the same; that if others may not come in, it is special legislation. *Ewing* v. *Hoblitelle,* 33 Mo. 73. See, also, *People* v. *Cooper,* 83 Ill. 590; Sutherland on Statutory Construction, secs. 127, 128, 129.

William Herring, for Appellees.

The plea, demurrer, and objection of defendants, to the effect that the action was not brought against the city of Tombstone in its corporate capacity, were properly sustained.

The corporation must be sued in its corporate name, and not in the name of its officers. City Charter Laws of 1881, p. 37; Dillon on Municipal Corporations, sec. 118; *Young* v. *Barder,* 90 N. C. 424; Rev. Stats. Ariz., par. 677.

The special demurrer in relation to the inability of plaintiff to recover damages in an action of ouster was properly sustained. The action was for usurpation of office. In such case no action for damages lies until a judgment is rendered in favor of the person who alleges the right. Rev. Stats. Ariz., par. 3195.

The classification by population is constitutional. *Iowa Mining Co.* v. *Bonanza Mining Co.,* 16 Nev. 74; *Solen* v. *Virginia etc. R. R. Co.,* 15 Nev. 332; *People* v. *Henshaw,* 76 Cal. 436, 18 Pac. 413.

The case of *Fellows* v. *Walker,* 39 Fed. 651, was an instance where there was but one city in the state of Ohio in that class.

An act providing for public weighers in certain cities according to the amount of cotton shipped was held valid. *Johnson* v. *Martin,* 75 Tex. 33, 12 S. W. 321.

Where a statute is general in its terms, and its sole effect is in some degree to remove the differences existing in the various regulations of internal affairs of towns or counties, and to subject those affairs to the operation of a general law, then the statute is not special or local in the constitutional sense, although the pre-existing legal conditions were such that it would effect a change in one town or county. *State*

v. *Govern,* 47 N. J. L. 368; *Gould* v. *Bourgeois,* 51 N. J. L. 368, 18 Atl. 64.

This is a case provided for in the Harrison Act. It is a case where a general law could not be made applicable, and if special legislation, then it is within the rule laid down by Dillon (vol. 1, sec. 26, p. 134).

Whether a general law can be made applicable is a question for the legislature exclusively. *Estate of Sticknoth,* 7 Nev. 223; *People* v. *Allen,* 42 N. Y. 378; *State* v. *Hitchcock,* 1 Kan. 173, 81 Am. Dec. 503; *Brown* v. *City of Denver,* 7 Colo. 305, 3 Pac. 455.

KIBBEY, J.—The appellant (the plaintiff below) alleged in his complaint that he had been duly elected to the office of assessor of the city of Tombstone, and became *ex officio* tax and license-collector, health officer, and street commissioner of that city, and, having duly qualified, was duly inducted into that office; that on the first day of April, 1891, the defendants the mayor and common council of the city of Tombstone illegally and wrongfully usurped said offices, and took possession thereof, and of the books, papers, and other effects pertaining thereto, and turned them over to the defendant Frank Ryan, chief of police of the city of Tombstone; that Ryan thereupon entered upon the discharge of the duties, and the exercise of the powers, of appellant's office, and continues therein, and has thereby defrauded appellant of the emoluments of the office. Appellant prays for judgment of ouster against Ryan; that he may be readmitted into office; and that he have judgment for two hundred dollars damages. The defendants appeared, and the mayor, etc., pleaded, in abatement of the action, misnomer of the corporation defendant, in that the corporate name is "The City of Tombstone of the Territory of Arizona," and not "The Mayor," etc., as pleaded. The defendants demurred specially and generally, and pleaded a general denial. The plea in abatement was sustained, and the action as to the mayor, etc., dismissed. The record from this point in the proceeding is much confused. The minute entry of the proceedings states, after reciting the ruling on the plea in abatement: "And said argument further proceeding upon the demurrer filed herein, the same being submitted as to the special demurrer upon the

claim for damages made in said complaint, and the court, being now fully advised in the premises, does sustain the same, and grants leave to argue the remaining questions raised by demurrer.'' The next entry in the minutes, dated more than two months later than the foregoing, recites: ''This cause having heretofore been tried and submitted to the court, and the court, now being fully advised herein, does find the issue herein in favor of the defendants, and against the plaintiff, and does hereby order judgment accordingly, and for costs. Plaintiff, by his counsel, moves for a new trial, which is overruled. Thereupon, plaintiff gives notice of appeal,'' etc. The judgment appears in the record here, and recites that ''no witnesses were examined.'' The words in the printed blank, ''the evidence being included,'' are obliterated, and the judgment begins: ''Wherefore, by reason of the law aforesaid, it is ordered, adjudged,'' etc., ———— ''do have judgment against the plaintiff on all the issues in said case.'' No attempt is made to perfect an appeal from any judgment upon the facts. While the record is informal, we are of the opinion that no issue of fact was tried, and that the judgment is upon an issue of law only.

The appellant assigns as error the ruling of the court in sustaining the demurrer to the complaint, and we think that question is substantially presented here. We may premise that the plea in abatement was properly sustained, and we need not consider any question on the demurrer of the mayor, etc., for that ruling carried them out of court.

The city of Tombstone was created by a special act of the general assembly in 1881. That act provided for a city assessor, who should be *ex officio* tax and license collector, health officer, and street commissioner. Appellant was duly elected to that office, and had legally entered upon the discharge of the various duties incident to the office. This is admitted by the demurrer. It was subsequently provided by ''An act to reduce expenses in certain cities of the territory of Arizona,'' approved March 16, 1891, ''that in all cities . . . in which the total vote cast at the general election held therein on the fourth day of November, 1890, was less than six hundred,'' the functions of the city assessor, city tax-collector, city license-tax-collector, and street commissioner shall be incident, *ex officio,* to the office of chief of

police.   In pursuance of this act of 1891 the discharge
of the duties theretofore imposed upon the appellant, as
city assessor, were devolved upon Ryan, the appellee, chief
of police; and he thereafter discharged them, to the exclusion
of appellant.   At the general election of 1890, Tombstone
was the only city in Arizona in which there were less than
six hundred votes cast.   Appellant contends that the legis-
lative act of 1891 is in violation of the inhibition contained
in the act of Congress approved July 30, 1886, commonly
known as the "Harrison Act," which, among other things,
provides that the "legislatures of the territories . . . shall
not pass local or special laws in any of the following enu-
merated cases: . . . incorporating cities, towns, or villages,
or changing or amending the charter of any town, city, or
village."   Constitutional provisions similar to that of the
Harrison Act, just quoted, have frequently been the subject
of judicial construction.   We entertain no doubt but that if
the Territorial Act of 1891 is valid it operates as an amend-
ment of the charter of the city of Tombstone.   Is it "local or
special," within the meaning of the Harrison Act?   The law
can never apply to any other city in Arizona.   It applies only
to cities that in 1890 cast less than six hundred votes.   Of that
class Tombstone is the only one.   No provision is made in the
act whereby other cities may in future come within its terms
and operation.   In fact, others are necessarily excluded.
Sutherland, in his work on Statutory Construction, says:
"If a statute is plainly intended for a particular case, and
looks to no broader application in the future, it is special or
local, and if such laws are prohibited it is unconstitutional."
Sec. 129.   A classification of cities may be made, based upon
population; upon the number of votes cast from time to time;
upon the extent or character of a particular business or in-
dustry done and pursued within their limits, etc.   And this
even though but one city in the state or territory comes
within the provisions of the statute at the time of its enact-
ment.   But the statute must be elastic, so that other cities
may, as they attain the requisite conditions, come within the
classification and within the operation of the statute.   We
think the rule may safely be stated to be that the classifica-
tion of municipalities, and the incidental imposition of differ-
ent obligations and granting of different powers to them

according to such classification, must be such that other municipalities may, upon the attainment of the conditions characterizing any particular class, enter that class, and the conditions themselves must be not only possible, but reasonably probable, of attainment. Am. Law Rev., sec. 22, p. 403, and cases there cited. Applying this rule to the case at bar, we think the act of 1891 does not come within it. It is therefore special legislation, and a violation of the Harrison Act. It is suggested by appellee that this is a case to which general legislation could not be made applicable, and that the legislature, and not the courts, is the sole judge of that fact. That rule applies only to subjects of legislation not specifically enumerated. The statute (Harrison Act) enumerates certain subjects upon which there shall not be local or special legislation. It further provides that, "in all other cases where a general law can be made applicable, no special law shall be enacted." It is to these "other cases" that the rule laid down by some courts, that the legislature is to be the judge of the applicability of a general law, applies.

Our statute provides that if judgment be rendered upon the right of a person to any office in his favor, he may recover the damages he shall have sustained by reason of the usurpation of the office by the defendant. The court, therefore, erred in sustaining appellee Ryan's special demurrer to that part of the complaint claiming damages. The judgment of the court below, as to the mayor and common council, etc., is affirmed, and as to Ryan it is reversed, and the cause is remanded for trial in accordance with this opinion.

Gooding, C. J., and Wells, J., concur.