[Civil No. 3670. Filed December 31, 1935.]

[53 Pac. (2d) 69.]

CITY OF PRESCOTT, a Municipal Corporation, at the Relation of Paul E. Lodge, Tax Collector of Said City, Appellant, v. P. W. O'SULLIVAN, J. H. MORGAN and LOUIS H. BUNTE, Appellees.

Mr. T. J. Byrne, City Attorney, and Messrs. Favour & Baker, for Appellant.

Mr. E. C. Locklear and Mr. John Francis Connor, for Appellees.

McALISTER, J.—The City of Prescott, a municipal corporation, brought an action in the justice court against P. W. O'Sullivan, J. H. Morgan and Louis H. Bunte to recover from each thirty dollars for taxes levied against them for the privilege of engaging in their profession, the practice of the law, within its corporate limits, for the eighteen months beginning October 1, 1933. The plaintiff lost in the justice court and also in the superior court, and from the judgment of the latter brought the matter here for review, the cases being consolidated on appeal.

The complaint alleges that the tax in question was imposed by Ordinance No. 320 of the City of Prescott, which was passed on the 18th day of August, 1933, and that the defendants in violation of this ordinance have refused to pay it.

The defendants interposed a plea in bar based upon the ground that this ordinance is wholly ineffective and void, because it was not passed as required by law, in that it was published in a newspaper for three insertions only, when the charter of the City of Pres-

cott requires that ordinances be published in a newspaper for at least ten insertions.

The charter under which the City of Prescott has existed and operated since it became a municipality in 1883 was granted by the Territorial Legislature in that year and among its provisions is the following which prescribes one of the necessary steps to be taken by the municipal authorities in the enactment of ordinances:

"Sec. 21. In addition to what may be especially required by other provisions of this Act to be published, the following proceedings and acts of said municipal authorities shall be published in English by at least ten insertions in some newspaper printed and published in said city:

"First: All ordinances adopted in accordance with the provisions of this Act."

There had been no change in this language until March, 1933, when the Eleventh Legislature passed chapter 81, Session Laws of that year, which modified it in one important particular. A reading of both the title and the only section this chapter contains discloses that the purpose of its enactment was to amend Act Number 37, Laws of the Territory of Arizona 1883, which is the charter of the City of Prescott. The pertinent portion of the act, including its title, reads as follows:

"An Act Relating to the Municipal Charter of the City of Prescott, Arizona in amending Act Number 37, Laws of the Territory of Arizona 1883.

"Be it Enacted by the Legislature of the State of Arizona:

"Section 1. Section 21, Article 10 of act 37, laws of the territory of Arizona 1883 entitled, 'an Act to incorporate the city of Prescott, to define its limits and rights, to specify its privileges and powers and provide for an efficient government for the same,' is hereby amended so as to read as follows:

"In addition to what may be especially required by other provisions of this Act to be published, the following proceedings and acts of said municipal authorities shall be published in English by at least three insertions in some newspaper printed and published in said city:

"First: All ordinances adopted in accordance with the provisions of this Act."

It was stipulated by the parties that Ordinance No. 320 was published only three times, as the foregoing provides, and the court, being of the view that this was not sufficient, sustained the plea in bar and dismissed the complaint.

It readily appears that the correctness of this ruling depends wholly upon the validity of Ordinance No. 320 and that this in turn rests solely upon the validity of chapter 81, amending the charter of the plaintiff city in such a way that it permits the enactment of ordinances by publishing them three times in a newspaper instead of ten times as the charter itself required before the foregoing amendment. The question, therefore, is: Was it within the power of the legislature to amend the charter in the manner it did?

Appellees have contended from the beginning, and the trial court agreed with them, that chapter 81 is wholly ineffective and void because it is a special law, and article 4, section 19, subdivision 17, Constitution of Arizona, prohibits the amendment of the charter of a city, town or village by special or local laws. This section reads as follows:

"No local or special laws shall be enacted in any of the following cases, that is to say: . . .

"17. Incorporation of cities, towns, or villages, or amending their charters."

Appellant takes the position, however, and the first proposition of law urged by it is that chapter

81, which merely changes the charter requirement for publication of ordinances from ten to three insertions, is a general and not a special or local law, and, therefore, is not prohibited by this provision of the Constitution. We think this contention wholly without merit, for nothing could be plainer than that this chapter amends the charter of the City of Prescott and it alone, and that this was the sole purpose of its enactment. It was not intended and, of course, is not possible that any other city could come within its terms, hence, it is clearly a special law. "If a statute is plainly intended for a particular case," said the court in *Bravin* v. *Mayor etc. of Tombstone,* 4 Ariz. 83, 33 Pac. 589, 590, quoting from Sutherland on Statutory Construction, "and looks to no broader application in the future, it is special or local, and if such laws are prohibited it is unconstitutional." It is difficult to imagine how it would be possible to enact a law that would any more aptly fall within the designation "local or special laws."

There has been some suggestion that the situation is one to which a general law could not be made applicable and, this being true, the legislature and not the court is the body to determine that fact under subdivision 20 of section 19, article 4, state Constitution, providing that no special or local laws shall be enacted "when a general law can be made applicable." That rule applies only when the subject matter of legislation does not concern one of those enumerated in the other nineteen subdivisions of section 19, article 4. Discussing this question in *Bravin* v. *Mayor etc. of Tombstone, supra,* the court said:

"The statute (Harrison Act [section 1, 48 U. S. C. A. § 1471]) enumerates certain subjects upon which there shall not be local or special legislation. It further provides that, 'in all other cases where a general

law can be made applicable, no special law shall be enacted.' It is to these 'other cases' that the rule laid down by some courts, that the legislature is to be the judge of the applicability of a general law, applies.''

 Appellant urges further and principally, that even though chapter 81 is a special law, it is constitutional because it is a proper amendment and the provisions of subdivision 17, section 19, article 4, *supra,* are prospective only and, therefore, have no application to the charter of the City of Prescott or the power of the legislature to make proper amendments thereto. In other words, the phrase, ''amending their charters,'' refers to those charters that should come into existence after the Constitution became the fundamental law of the state and not retrospectively to charters that were in being when that event took place. It is, of course, a general proposition of law that statutes, and constitutional provisions as well, are prospective in their operation unless the contrary intention appears from the acts themselves or their context, hence it follows that subdivision 17, *supra,* was not intended to and could not have had any effect on the amendment of any city charter in existence prior to February 14, 1912, when Arizona became a state and that provision became effective, because there is nothing in the provision itself or its context indicating an intention that it should operate retroactively, there being no reason why it should have done so, since the Harrison Act accomplished for the territory what this provision is doing for the state.

But this by no means proves, or even suggests, that the provision does not apply to charter amendments made thereafter whether the charter amended was itself in existence then or not. To say that it is prospective in effect means merely that it applies to amendments made after it became effective and not

to those made prior to that time, and this is true whether the charter amended came into existence before or after the constitutional provision itself did. The controlling fact is found in the answer to the question: When was the amendment made? and not to the query, When did the charter amended itself come into existence? To hold otherwise would mean that the legislature is prohibited from amending by special law the charters of the few cities, towns, or villages that have been incorporated since statehood and those only, and that its power to change those existing prior to that time in the same way, which means practically all the municipalities in the state, is unlimited. It is clear that such was not the purpose of this provision.

■ Appellant's third proposition is that if chapter 81 is a special law, and for this reason invalid, the charter of the City of Prescott cannot be amended, since it is legally and practically impossible to change it by general law. The situation, however, is not any different from that which has prevailed since 1886, when the Harrison Act (48 U. S. C. A., §§ 1471–1473, 1475, 1478, 1479), became the law by which the legislature was guided in the enactment of legislation of this character, for it likewise prohibited that body from "changing or amending the charter of any town, city, or village" by local or special laws. There has been no period since then that the Prescott charter could have been amended otherwise than by general law. That it may be a difficult matter to procure the passage of a law of this kind that will meet the situation does not justify the court in placing on this constitutional provision an interpretation that, in our view, was never intended. Appellant would undoubtedly admit that the legislature cannot incorporate a city or town by a special act, yet its power to do that

is exactly the same as its power to amend a charter already in existence. It cannot do the one any more than it can the other by special act.

The judgment, holding that chapter 81, Session Laws 1933, contravenes subdivision 17, section 19, part 2, article 4, Constitution of Arizona, and that Ordinance No. 320 of the City of Prescott passed in August, 1933, pursuant thereto is invalid, is affirmed.

LOCKWOOD, C. J., and ROSS, J., concur.