371 P.2d 886

**J. G. BARBEE, John W. Phillips, W. J. MacGregor and Alston R. Whitfield, Appellants,**

**v.**

**K. R. HOLBROOK, Gilbert Soto, Edward Bayze, Jr., as members of the Board of Supervisors of Santa Cruz County, Arizona; and Robert Morrison, as Attorney General of Arizona, Appellees.**

No. 6870.

Supreme Court of Arizona,

En Banc.

May 23, 1962.

22. See note 6 supra.
23. 47 Ariz. at 419, 56 P.2d at 669.

24. 87 Ariz. at 272, 350 P.2d at 677.

Stokes, Bagnall & Moring, Coolidge, for appellants.

Wade Church, Atty. Gen., Stanley Z. Goodfarb, Asst. Atty. Gen., for appellees.

STRUCKMEYER, Justice.

This cause was instituted by appellants as plaintiffs in the court below seeking a declaratory judgment adjudicating that Chapter 64 of the Twenty-third Legislature, Second Regular Session, 1958 was unconstitutional and void. From an adverse judgment this appeal was perfected on the following stipulated facts:

In the fiscal year 1955–1956 defendants were the duly elected and qualified supervisors of the County of Santa Cruz, Arizona. In their official capacity they incurred and paid expenditures in excess of the county budget without first having obtained approval of the State Tax Commission of Arizona as required by A.R.S. § 42–308. After the expenditures were incurred the supervisors petitioned the State Tax Commission of Arizona to exceed its budget. The Commission determined that an emergency existed in Santa Cruz County and authorized the expenditures of certain funds but limited the use of the emergency,

funds to pay any indebtedness occurring thereafter. Notwithstanding, both before and after the Tax Commission's order the expenditures theretofore incurred were paid. The county attorney of Santa Cruz County pursuant to the applicable statute, A.R.S. § 11–641, subd. B in the name of Santa Cruz County brought an action against the members of the board of supervisors and their sureties to recover the expenditures in excess of the budget not authorized by the Tax Commission, which action resulted in a judgment of $9,760.36 against the supervisors and was subsequently paid.

The Twenty-third Legislature at its Second Regular Session passed an Act purporting to authorize the reimbursement of the supervisors in the amount of the judgment. The Act recited that the expenditures were incurred by the board of supervisors in good faith for the purposes of taking care of indigents, repair roads damaged by storms and for other county services required by law. Appellants brought this action to obtain a declaratory judgment that the Act was unconstitutional. Judgment was entered by the court below in favor of the supervisors declaring through its conclusions of law that the relief bill was not violative of the provisions of the Arizona Constitution and was constitutionally valid. That determination is here questioned.

We think the court below was in error and that the judgment must be reversed.

The Constitution of this State prohibits certain special or local laws. That part peculiarly applicable here provides:

"No local or special laws shall be enacted in any of the following cases, that is to say:

\* \* \* \* \* \*

"Remitting fines, penalties, and forfeitures." Art. 4, Pt. 2, Sec. 19, subsection 14.

The Act of the Legislature in question directs the County Board of Supervisors of Santa Cruz County to reimburse the "members of the board of supervisors who are required by the court judgment to pay to the county of Santa Cruz the amount of nine thousand seven hundred sixty dollars thirty-six cents." It is plainly intended for a particular case and has no other application to the future. As such it is a special or local law. Luhrs v. City of Phoenix, 52 Ariz. 438, 83 P.2d 283; City of Prescott v. O'Sullivan, 46 Ariz. 551, 555, 53 P.2d 69; Bravin v. Mayor, etc. of Tombstone, 4 Ariz. 83, 33 P. 589.

The question then is whether the Act purporting to authorize reimbursement in the sum of $9,760.36 is the remission of a fine, penalty or forfeiture. A.R.S. § 11–641, subd. B provides:

"B. If an illegal payment of money is made as described in subsection A of this section, the county attorney shall institute an action in the name of the county against the supervisors and others liable, to enjoin the payment of the money, or if it has been paid, to recover it with interest at the legal rate, and *twenty per cent additional on the principal amount,* to be paid into the county treasury to the credit of the fund from which the allowance was made." (Italics supplied).

 The judgment in the action against the supervisors provided for the recovery of the principal amount "together with twenty per cent additional on $8,060.27 of said aggregate principal amount." The addition of twenty per cent above the amount of the county's loss can be nothing more or less than a penalty. Lee v. Coleman, 63 Ariz. 45, 159 P.2d 603; Austin v. Barrett, 41 Ariz. 138, 16 P.2d 12. The Act incorporating the remission of a penalty violates the Constitution and that portion being inseverable, the whole must fail. Millett v. Frohmiller, 66 Ariz. 339, 188 P.2d 457.

The judgment of the court below is reversed with directions to enter a judgment in conformity with this decision.

BERNSTEIN, C. J., UDALL, V. C. J., and JENNINGS and LOCKWOOD, JJ., concur.