[Civil No. 1258.   Filed November 14, 1912.]

[127 Pac. 722.]

CITY OF BISBEE, a Municipal Corporation, and BASSETT WATKINS, Appellants, v. ARIZONA INSURANCE AGENCY, a Corporation, BRUCE PERLEY, and J. L. OVERLOCK, and GUS HAIGLER, Appellees.

1. INJUNCTION—OBJECTION TO RELIEF—ADEQUACY OF LEGAL REMEDY.— Injunction will not lie to restrain the enforcement, on the ground of its invalidity, of an ordinance requiring fire insurance agents to pay a quarterly license before transacting business, and prescribing penalties for its violation, as upon a violation of its terms an arrest and trial of the transgressor, with appeals to the superior and supreme courts will provide a plain, speedy, and adequate remedy for the determination of such validity.

2. EQUITY—JURISDICTION—ADEQUACY OF LEGAL REMEDY.—There is no presumption that courts of law will decide a matter incorrectly which will warrant equity in assuming jurisdiction, as the presumption is that every court will decide questions presented for determination properly and conduct the proceedings fairly and impartially.

3. INJUNCTION—DETERMINING VALIDITY OF ORDINANCE—JURISDICTION— PREVENTING MULTIPLICITY OF SUITS.—Equity will not interfere to determine by injunction the validity of an ordinance imposing a

license on fire insurance agents on the ground that it will prevent a multiplicity of suits.

4. INJUNCTION—DETERMINING VALIDITY OF ORDINANCE—JURISDICTION—PREVENTING INFRINGEMENT OF PROPERTY RIGHT.—Equity will restrain the enforcement of a criminal ordinance where an arrest thereunder would be illegal and despoil the person arrested of his property or other rights, but, as insurance agents have no vested property right in their agency, injunction will not lie on that ground to restrain the enforcement of a penal ordinance requiring such agents to pay a quarterly license before transacting any business.

APPEAL from a judgment of the Superior Court of the County of Cochise. Fred Sutter, Judge. Reversed and dismissed.

The facts are stated in the opinion.

Mr. Edw. J. Flannigan, for Appellant.

Mr. G. H. Neale, for Appellees.

ROSS, J.—This is an action of injunction instituted by appellees to restrain the city of Bisbee and its marshal from enforcing the terms of an ordinance of said city requiring fire insurance agents to pay a quarterly license before transacting any business, and prescribing penalties for its violation. The complaint alleges the invalidity of the ordinance, irreparable injury not susceptible of estimation, and a multiplicity of suits. The appellants demurred to the complaint for insufficiency in that it shows upon its face an adequate remedy at law.

As a general rule, the equity side of the court may not be invoked when the complainant has a plain, speedy, and adequate remedy at law. An examination of the complaint, with a view of ascertaining from its allegations whether it discloses that the appellees had an adequate remedy at law, is necessary. For a violation of the terms of the ordinance, the natural course, and the one provided by law, would be the arrest and trial of the transgressor in the municipal courts of the city of Bisbee. In that court and the superior court of Cochise county and the supreme court to which appeals may be had, the validity of the ordinance can be tested. The rem-

edy ordinarily for such cases is in the criminal side of the
courts, and we must presume the courts will declare the law,
and, if the ordinance is found to be void, so adjudge it.
Should it, however, be found invalid, the defendants would be
in no worse position than if found innocent of violating a
valid law. A party charged with crime has as much right
to ask that equity pass upon the question of his innocence
as to ask that it pass upon the validity or invalidity of the
statute or ordinance denouncing the crime. The inapplicabil-
ity of the writ of injunction to cases of this kind can be very
forcibly illustrated by this case. Had the trial court found
the ordinance valid, it could pronounce no judgment of con-
viction. The matter would have to be relegated to the courts
of proper jurisdiction and the issue there tried out. Had
the court found the ordinance void, its judgment would be-
come final, but no one will contend that equity should take
cognizance to declare an ordinance void and not to declare
it valid. Should the ordinance be found valid upon a prose-
cution for its violation, the appellees cannot complain, no mat-
ter how it may affect their business. If it is invalid, that
becomes a matter of defense to be interposed in the criminal
prosecution.

"The legality or illegality of the ordinance is purely a
question of law, which it is competent for a court at law to
decide. We cannot assume that the courts in which the valid-
ity of the ordinance is presented will not decide this question
correctly. . . . The legal presumption is, that every court
will decide questions presented for determination properly,
and conduct proceedings before them fairly and impartially
(*Wolfe* v. *Burke*, 56 N. Y. 115), so that it is at once apparent
that the main question upon which appellee relies, namely, the
invalidity of the ordinance, can be presented and determined
in any action which may be instituted against him for the
violation of this ordinance; and as the law is well settled, by
numerous well-considered cases, that, as a general rule, a bill
in equity will not lie to restrain prosecutions under a munici-
pal ordinance upon the mere ground of its alleged illegality,
for the obvious reason that the party prosecuted thereunder
has a complete remedy at law, because he can avail himself
of such illegality as a legal defense in prosecutions thereunder
(*Poyer* v. *Village of Des Plaines*, 20 Ill. App. 30; *Levy* v.

*City of Shreveport,* 27 La. Ann. 620; Dillon on Municipal Corporations, secs. 906, 908, note; High on Injunctions, sec. 1244), it follows that the averment in the bill of appellee, that the ordinance of which he complains is invalid, is not, of itself, sufficient to entitle him to the relief granted by the lower court.'' *Denver* v. *Beede,* 25 Colo. 172, 54 Pac. 624.

The injury complained of may or may not follow a prosecution of appellees. Should the court trying the case declare the ordinance void, no considerable injury would result, and, should it find the ordinance valid and inflict punishment for its violation, it would be performing a plain duty, and, while the result might be very injurious to the appellees, the injury would be just what the law intends as a punishment for its transgression.

A multiplicity of suits may easily be avoided and could not follow, unless the appellees, pending the determination of the legality of the ordinance, choose to run the risk by repeating their acts. A temporary suspension of their business as insurance agents during the time required to test the validity of the ordinance in the law side of the courts is not as important to them as it is to the general public that the usual and ordinary procedure common to all offenses be followed. As was said in *Davis* v. *American Society for the Prevention of Cruelty to Animals,* 75 N. Y. 362: ''If this action could be maintained in this case, then it could in every case of a person accused of a crime, where the same serious consequences would follow an arrest; and the trial of offenders, in the constitutional mode prescribed by law, could forever be prohibited. A person threatened with arrest for keeping a bawdy-house, or for violating the excise law, or even for the crime of murder, upon the allegation of his innocence of the crime charged and of the irreparable mischief which would follow his arrest, could always draw the question of his guilt or innocence from trial in the proper forum. An innocent person, upon an accusation of crime, may be arrested and ruined in his character and property, and the damage he thus sustains is *damnum absque injuria,* unless the case is such that he can maintain an action for malicious prosecution or false imprisonment. He is exposed to the risk of such a damage by being a member of an organized society, and his compensation for such risks

may be found in the general welfare which society is organized to promote.''

We do not wish to be understood as laying down an unbending rule to the effect that equity will never interfere and restrain the enforcement of ordinances criminal in their nature, for, as was said by Mr. Justice Field in *Re Sawyer,* 125 U. S. 200, 222, 31 L. Ed. 402, 8 Sup. Ct. Rep. 482: ''In many cases proceedings, criminal in their character, taken by individuals or organized bodies of men, tending, if carried out, to despoil one of his property or other rights, may be enjoined by a court of equity.'' This is not a case falling within the exceptions named by Justice Field. Here the city of Bisbee, through its officers, is in good faith endeavoring to enforce a penal ordinance passed under the belief that it was a *bona fide* exercise of legislative power. Had it been made to appear that the common council of the city of Bisbee, ''under the pretense of seeking the good of that particular portion of society which is intrusted to its supervision,'' was attacking the vested property rights of the appellees, a different solution of this case would be necessary—equity would disregard the form of the transaction and consider its real purpose and substance. Before an injunction will issue to restrain officers from making an arrest for an alleged violation of law, the arrest must not only be illegal, but must be accompanied by interference with property rights. 22 Cyc. 905.

It might develop in a trial in the proper courts that foreign insurance companies that have paid to the state the percentage provided for in paragraph 813, Revised Statutes of Arizona of 1901, have a property right to carry on the business of insurance in all parts of the state without additional burdens in the way of licenses on their agents, yet it cannot be that appellees have a vested property right to transact that business. Their agency may be revoked at any time. They have no investment in the insurance business that may be ruined or depreciated. Their sole stock in trade is the right to solicit insurance and collect premiums. The loss sustained by the appellees by reason of a cessation of work during the time required to test the ordinance in the proper courts is purely speculative. In any event, at the end of such litigation they will have their property—the right to solicit insurance—unimpaired, save the contingency of its revocation

by their principals. The only loss they are likely to suffer is the commissions on policies that they might have written in the interim.

The judgment of the trial court is reversed, and the case remanded, with direction that the complaint be dismissed.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.

---

NOTE.—As to injunction against the enforcement of an invalid ordinance, see note in 118 Am. St. Rep. 372.

As to injunction against the enforcement of penal laws and ordinances, see note in 35 Am. St. Rep. 677.

As to how equity jurisdiction is affected by a statute conferring similar jurisdiction upon courts of law, see note in 55 Am. Dec. 77.

As to bills in equity to prevent multiplicity of suits, see note in 131 Am. St. Rep. 30.

As to injunction against prosecution under invalid ordinance, see notes in 6 Ann. Cas. 1013, and 10 Ann. Cas. 760.