[Civil No. 2538.  Filed April 25, 1927.]

[255 Pac. 485.]

J. W. TERRELL, Appellant, v. RALPH L. Mc-
DONALD, as Marshal of the Town of Tempe,
Appellee.

Mr. V. L. Hash, for Appellant.

Mr. Raymond H. Alexander and Messrs. Stockton & Perry, for Appellee.

ROSS, C. J.—The common council of the town of Tempe passed an ordinance requiring that every hardware establishment, among other businesses or occupations, pay a quarterly license tax, graduated upon the average sales of such establishment, and made it a misdemeanor for any person to carry on such business or occupation without procuring a license.

The appellant, Terrell, was convicted, in the police court of said town, of violating such ordinance and fined fifty dollars, and in default thereof sentenced to imprisonment in the jail of said town at the rate of one dollar a day. Thereupon he sought his discharge from custody by writ of *habeas corpus,* and, being denied such relief, he has appealed.

We find it pretty hard to follow his reasons for contending that he is illegally deprived of his liberty, but, generally, he bases his claim on the invalidity of the ordinance he is charged with breaking. It seems to us, however, that the ordinance is valid. Subdivision 22, paragraph 1831, Civil Code of 1913, provides that common councils shall have the power within the limits of their towns "to license, tax, and regulate" a great number of occupations and businesses, and among them it mentions hardware merchants. Under this legislative authority the ordinance was passed. The town council exercised a power expressly granted it. We think there can be no ques-

tion as to the right of the legislature to grant such power to the cities and towns of the state. Such power was expressly recognized by this court in *McCarthy* v. *City of Tucson,* 26 Ariz. 311, 225 Pac. 329, wherein an ordinance requiring practicing attorneys to pay a license tax was held to be a revenue measure and valid. That the ordinance here attacked is a revenue measure there can, we think, be no question.

We have no constitutional prohibition against taxing occupations or trades, and hence the exercise of such power is left with the legislature, to be exerted either directly or delegated to the municipalities of the state.

The tax exacted for the privilege of engaging in a business or occupation is not a property tax, as contended by appellant, and the fact that a property tax is paid upon the property used in the business is not regarded as constituting double taxation. For a clear statement of the law bearing upon the last two propositions, we cite the opinion of Mr. Justice BREWER, in *City of Newton* v. *Atchison,* 31 Kan. 151, 47 Am. Rep. 486, 1 Pac. 288.

We are satisfied that the order of the court quashing the writ of *habeas corpus* was proper, and that the appeal is without merit.

The judgment of the lower court is affirmed.

LOCKWOOD and McALISTER, JJ., concur.