[Civil No. 3568. Filed December 7, 1934.]

[38 Pac. (2d) 646.]

ED OGLESBY, as County Assessor of Maricopa County, Appellant, v. PACIFIC FINANCE CORPORATION OF CALIFORNIA, a Corporation, Appellee.

450

Mr. M. L. Ollerton, for Appellant.

Messrs. Frazier & Perry, for Appellee.

ROSS, C. J.—The Pacific Finance Corporation of California by this action against Ed Oglesby, as county assessor of Maricopa county, seeks a declaratory judgment construing section 3069, as amended by Laws of 1931, chapter 110, and sections 3070, 3071 and 3072, Revised Code of 1928, concerning the taxing of corporations. Demurrer to the complaint was overruled, and, defendant electing to stand thereon,

judgment was entered for plaintiff. Defendant has appealed.

The pleaded material facts are as follows: That the plaintiff is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in the city of Wilmington in that state, but using and employing a portion of its capital assets in the states of California, Arizona, Oregon, Washington and Utah, wherein it transacts business; that its business in Arizona consists of the purchasing, handling and collection of contracts of conditional sales of chattels. It does not borrow or lend money within the state, and none of its stockholders is a resident of the state.

Under these facts, it is the contention of defendant that said sections of the law authorize the assessing and taxing of the shares of stock of the shareholders of plaintiff, whereas plaintiff contends that the statute does not include it within the class of corporations whose shareholders are permitted or authorized to be taxed on their shares; and that, if it be held that it does, the imposition of the tax on the shares of the shareholders, they all being nonresidents, violates the due process clause of the Fourteenth Amendment to the Federal Constitution (section 1).

Section 3069, as amended by chapter 110, Laws of 1931, provides that the property of corporations shall be assessed and taxed and not the shares of stock, except that, where it is ''a banking corporation, building and loan associations or corporations, and a corporation or association engaged in the business of using money wherewith to make money for the owners of its shares,'' the shares of stock shall be assessed and taxed as other property in the name of the shareholders and be payable by the corporation. The sections following have to do with the procedure, and it is not necessary that they be further explained.

We do not think section 3069 as amended includes plaintiff in the class of corporations whose shares of stock are to be assessed and taxed to the shareholders. A corporation engaged, as plaintiff is, in the business of purchasing, handling and collecting chattel conditional sales contracts, is not "engaged in the business of using money wherewith to make money for the owners of its shares." This last-quoted phrase is used in a restricted sense. It does not include every corporation that uses money to make money, for, if it did, it would include corporations engaged in mining, lumbering, manufacturing, merchandising, the buying and selling of livestock, etc., for all of these corporations must use money, as it is the only medium of exchange, and they all have for their purpose the making of money for the shareholders. The phrase, in the connection in which it is employed, must mean financial institutions whose business is banking, or similar to or like banking, as where the object of the business is the making of profit by the use of money, and where the corporation acquires personal and real property only as an incident to its main business, as by foreclosing of mortgages or liens given as security for loans. It refers to corporations for which money, like father, "does the work." Clearly plaintiff and the holders of its shares do not fall within those terms of section 3069 authorizing the assessing and taxing of the shareholders on their shares, but plaintiff belongs to the class of corporations whose property is assessed and taxed to the corporation. Any other construction of section 3069 would give rise to very serious constitutional questions.

It is well settled that the power to tax does not extend to property outside the state, or as said by Chief Justice TAFT, in *Rhode Island Hospital Trust*

*Co.* v. *Doughton,* 270 U. S. 69, 80, 46 Sup. Ct. 256, 258, 70 L. Ed. 475, 479, 43 A. L. R. 1374:

"It goes without saying that a state may not tax property which is not within its territorial jurisdiction."

It is also well settled that the situs of shares of stock in a corporation is the domicile of the owner of the shares. *State Tax Commission* v. *Shattuck et al., ante,* p. 379, 38 Pac. (2d) 631, decided November 27, 1934; *Farmers' Loan & Trust Co.* v. *Minnesota,* 280 U. S. 204, 50 Sup. Ct. 98, 74 L. Ed 371, 65 A. L. R. 1000. None of the shares of stock in plaintiff corporation is owned by a resident of the state, but all of it is owned by persons residing elsewhere.

To construe section 3069 as authorizing the assessment and taxation of the shares of stock owned by persons not residents of the state would violate the due process clause of the Fourteenth Amendment to the Federal Constitution (section 1). *Farmers' Loan & Trust Co.* v. *Minnesota, supra; Hirschfeld* v. *McCullagh,* 64 Or. 502, 127 Pac. 541, 130 Pac. 1131.

It seems to be a universal rule that, where a statute will bear two constructions, one of which is constitutional and the other unconstitutional, the court will adopt the former construction, if possible.

"In other words, when a statute has been passed by the legislature, some part of which is not within the competency of the legislative power, or is repugnant to some provision of the constitution, such part may be adjudged void and of no avail, while all other parts of the act not obnoxious to the same objection may be upheld as valid and have the force of law. The courts in some instances by a restrictive construction have limited the effect of a statute to cases clearly within the field of legislative control. For example, a state tax law, general in its terms, and on its face applying alike to all taxpayers, may be re-

stricted by the court so as to exempt from its operation stockholders in national banks. Such a statute would not for that reason be declared void as a whole, but should be given effect in reference to all persons embraced within the general language employed, with the exception of those outside the proper field of such legislation." 6 R. C. L., § 129, pp. 130, 131. See, also, *Singer Sewing Mach. Co.* v. *Brickell*, 233 U. S. 304, 34 Sup. Ct. 493, 58 L. Ed. 974.

The plaintiff's property, or that portion of it located in the state, should be assessed and taxed against plaintiff.

The judgment is affirmed.

LOCKWOOD and McALISTER, JJ., concur.