[Civil No. 3605. Filed April 8, 1935.]

[43 Pac. (2d) 206.]

THE CITY OF GLENDALE, a Municipal Corporation; FRANK CARDEN, C. M. HARPER, JOE WHITNEY, JASPER LYNCH, O. O. MOBLEY, H. T. SWISHER, and J. E. SMITH, Members of the Common Council of the City of Glendale, Maricopa County, Arizona; CLARENCE HAMMERBACKER, Clerk of the City of Glendale, Maricopa County, Arizona; and J. W. NOEL, City Marshal of the City of Glendale, Maricopa County, Arizona, Appellants, v. WM. B. BETTY, Appellee.

328

Mr. C. A. McKee and Messrs. Frazier & Perry, for Appellants.

Mr. George D. Locke and Messrs. Cox & Moore, for Appellee.

ROSS, J.—The plaintiff Wm. B. Betty, as the owner and operator of the Ever Ready Drug Company, located and doing a drug business in the city of Glendale, Maricopa county, brought this suit against the city of Glendale, the mayor and common council, city clerk and city marshal to enjoin them from enforcing Ordinance No. 15, New Series, of said city, dated July 21, 1931, imposing a graduated license tax upon his business, contending that said ordinance is unconstitutional in several respects.

It is averred in the complaint that the defendants have caused criminal charges to be lodged against plaintiff, and the owners of other businesses located in Glendale, for the nonpayment of said taxes and have caused warrants to be issued for their arrest and placed in the hands of the city marshal. It is also alleged that unless the defendants are restrained they will issue, or cause to be issued, executions against the plaintiff for said tax and that they will file civil suits against the plaintiff and others in his situation, which will result in a multiplicity of actions and cause plaintiff and others similarly situated irreparable damage. It is alleged that the ordinance (1) contravenes article 9, section 3, of the Constitution, in that it fails to state the object of the tax; (2) that it contravenes article 9, section 9, of the Constitution, in that it fails to state the tax

sought to be collected and the objects for which it shall be applied when collected; (3) that it contravenes article 9, section 6, of the Constitution, in that it seeks to tax businesses and occupations, no authority having been conferred on said city by the laws of the state or the Constitution so to do; (4) that it contravenes the Constitution and laws of the state, in that it purports to be a license tax levied under the police power for purposes of regulation, whereas the tax is disproportionate to the cost of service rendered; (5) that it is unconstitutional and void, in that the tax laid is for revenue and not for regulation; (6) that it is unconstitutional and void, in that its classification for taxes is arbitrary, discriminatory and unreasonable; (7) that it imposes double taxation on plaintiff's property; (8) that it is unconstitutional and void, in that its title does not express its subject, as provided in article 4, part 2, section 13, of the Constitution.

The defendants demurred to the complaint on the ground that it fails to state facts sufficient to constitute a cause for equitable relief. This demurrer was overruled, and the defendants electing to stand thereon judgment was entered against them enjoining and restraining them from enforcing, or attempting to enforce, the collection of said taxes, or from in any way interfering with the business of the plaintiff or of others similarly situated.

The defendants prosecute this appeal from the judgment and insist that the complaint does not state facts entitling plaintiff to the relief prayed or any relief, but that on the contrary the complaint shows upon its face that the plaintiff has an adequate remedy at law.

The defendants insist that the plaintiff has an adequate remedy at law, and this is the first point that we will consider. In *City of Bisbee* v. *Arizona*

*Insurance Agency et al.,* 14 Ariz. 313, 127 Pac. 722, a proceeding to restrain the city and its marshal from enforcing the terms of an ordinance of said city requiring fire insurance agents to pay a quarterly license before transacting any business, and prescribing penalties for its violation, we held that under the peculiar facts of that case the equitable remedy of injunction was not available for the reason that the threatened criminal prosecution alone was not sufficient ground for equitable interference. Therein it appeared that the appellees had no investment in the insurance business that might be ruined or depreciated; that any loss they might sustain would be purely speculative; in other words, that their property loss could at most not be very much. We also said that the rule laid down in that case was not an unbending one but that equity would interfere in proper cases.

The general rule is that "an injunction will not be issued against the enforcement of an ordinance merely because it is illegal or unconstitutional, unless further circumstances are shown which bring the case within some clear ground of equity jurisdiction." 14 R. C. L. 439, § 141. The rule as to when injunction will issue is stated in 32 Corpus Juris 264, section 415, as follows:

"A municipality and its officials will be enjoined from acting under and enforcing a void ordinance, when the proposed enforcement will deprive complainant of his property or property rights and will cause him injury for which he cannot obtain adequate redress in a court of law; or where the illegal action will give rise to a multiplicity of actions at law if it is not prevented. . . . "

Where the allegations of the complaint are, in substance, that plaintiff and persons similarly situated are threatened with being criminally prosecuted, and also threatened with civil actions and with exe-

cution levies upon their property, under an ordinance null and void as in conflict with the Constitution of the state, the jurisdiction to issue the writ "rests upon the fundamental and well-established equitable doctrine that private personal and property rights will be protected by injunction from threatened irreparable unlawful injury. The injunction against the institution of criminal proceedings is simply incidental to that main ground of equitable jurisdiction. Where the facts are such as to call for the exercise of the powers of a court of chancery according to its established principles, the mere fact that, in order to grant the remedy afforded by equity, it may be necessary as a subsidiary step to enjoin the institution of criminal proceeding or even the commission of a crime, is no bar to the jurisdiction of equity. That this is the underlying principle is manifest not only from an examination of the cases above cited, but of most other cases where the injunction has been granted or jurisdiction assumed." *Shuman* v. *Gilbert*, 229 Mass. 225, 118 N. E. 254, Ann. Cas. 1918E 793, L. R. A. 1918C 135.

██ It would seem under the authorities that the facts alleged are sufficient to confer jurisdiction upon the court to issue the writ of injunction.

██ It remains to determine whether the ordinance is, for any of the reasons set forth in the complaint, invalid. We state the nature of the ordinance and its general purpose. In section 1 thereof it is provided that every person or corporation or partnership engaged in a long list of businesses, trades, professions and pursuits shall, before doing business in the city of Glendale, pay to the city clerk a tax or license according to a schedule set forth in section 2 thereof. Plaintiff's business, that of a drug-store keeper, is classified with commission merchants, grocery keepers, butcher-shops, dry-goods merchants,

show merchants, hardware merchants, dealers in lumber, coal or wood, general merchandise, automobile service stations and bakers. And those falling in this class are required to pay a quarterly tax, based upon the aggregate volume of sales, as follows: $6 where the aggregate volume of sales is less than $1,500 per quarter; $8 where more than $1,500 and less than $5,000; $10 where more than $5,000 and less than $10,000; $12.50 where more than $10,000 and less than $15,000; and $15 where the aggregate volume of sales is more than $15,000 per quarter.

Other businesses, professions, trades and pursuits are classified and required to pay a tax or license for the various amounts enumerated.

The ordinance is not a police regulation. It contains no provision conferring any power upon any of the officers of the city to control or direct or inspect any of the businesses or trades enumerated. It is purely an occupation tax or a tax on the privilege to carry on business within the city limits. It is for revenue and not for regulation. It is not a property tax. It is not based upon the value of the property employed in the business but upon the amount of the business done or capacity to do business. It is in fact an excise tax.

We have held in a number of cases that section 3 of article 9 of the Constitution, providing that "every law imposing a tax shall state distinctly the object of the tax," has no reference to an excise tax but to taxes on the property of the state. *Hunt* v. *Callaghan*, 32 Ariz. 235, 257 Pac. 648; *Terrell* v. *McDonald*, 32 Ariz. 30, 255 Pac. 485; *Gila Meat Co.* v. *State*, 35 Ariz. 194, 276 Pac. 1, 2. In the latter case we said:

"Taxes are classified as poll, property and excise. The meaning of the first two classes is obvious. Ex-

cise has come to include every form of taxation which is not a burden laid directly on persons or property, and a tax on the privilege of engaging in an occupation is clearly an excise."

■ We have also ruled in *Hunt* v. *Callaghan, supra,* and in *Gila Meat Co.* v. *State, supra,* that section 9, article 9 of the Constitution "does not cover excise taxes."

■■ We hardly know how to approach the next assertion of the unconstitutionality of the ordinance. It seems to be based on the idea that the legislature has not delegated the power to the city of Glendale to impose a tax on plaintiff's business, or at least some of the businesses or occupations enumerated. It is absolutely essential that the power to impose the occupation tax should be conferred upon the city by some legislation and such legislation is found in subdivision 22 of section 373, Revised Code of 1928, wherein is conferred on the common councils of cities of the class of Glendale power "to license, tax and regulate laundries, public garages, beauty parlors . . . drug stores, jewelers," etc.

Section 6 of article 9 of the Constitution, so far as pertinent, reads:

"For all corporate purposes, all municipal corporations may be vested with authority to assess and collect taxes."

The legislature has vested municipal corporations operating under the common council form of government with power to lay the occupation tax of which complaint is made.

■ The defendants' fourth proposition, to the effect that the tax is levied under the police power, is not true in fact or law. The tax is a revenue measure.

■ The fifth proposition that it is unconstitutional and void because it is a revenue tax, as we have seen, is not sustained by the law. There can be no question of the power of the city to impose and collect an occupation tax on drug-stores, the legislative authority conferring such power being expressly given in section 373, Revised Code of 1928. *McCarthy* v. *City of Tucson,* 26 Ariz. 311, 225 Pac. 329.

■ It is next contended that the classification of the businesses, trades, etc., is arbitrary, discriminatory and unreasonable and results in unequal taxes upon property of like or similar kind. This contention is not asserted about the classification of plaintiff's business. Drug-stores are placed in the class of business that is naturally associated together because operated and conducted in the same general way. This business is in what may be called the merchant class, all of whom pay the tax on the same basis, that is, in proportion to the aggregate quarterly volume of sales. So far as plaintiff is concerned, the tax is not discriminatory or arbitrary. Indeed, plaintiff does not suggest that it is, but he complains that it is discriminatory and arbitrary as to other businesses and gives as instances section 2 (i) and (gg) as examples. Whether the laying of a tax of $10 per quarter on "agents for tailor-made clothing" and $6 on "tailoring establishments" is so discriminatory and arbitrary as to defeat the law it is not necessary for us to decide. Should it be granted that the ordinance as to these subsections is void, it would be of no concern to the plaintiff. He may not even raise the point since it does not affect him or his constitutional rights. *Gherna* v. *State,* 16 Ariz. 344, 146 Pac. 494, Ann. Cas. 1916D 94.

■ Section 18 of the ordinance reads as follows:

"In the event this ordinance shall be held by any court to be void, inoperative, or ineffective as to any one or more profession or professions, trade or trades, calling or callings, occupation or occupations, business or businesses, such holding shall not affect the remaining provisions of this ordinance."

Legislative declarations of this kind are frequent and are upheld by the courts if the invalid part does not prevent the enforcement of what is left or defeat the object and purpose of the legislation. *Oglesby* v. *Pacific Finance Corporation of California,* 44 Ariz. 449, 38 Pac. (2d) 646.

 The imposition of an occupation tax upon plaintiff for the privilege of doing a drug business in the city of Glendale, when he is by virtue of other laws required to pay a property tax upon his stock in trade, is not double taxation and violates no provision of the Constitution. *Terrell* v. *McDonald, supra.*

 The suggestion that the title of the ordinance does not conform to section 13, part 2, article 4 of the Constitution, which provides that

"Every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title,"

we think is not seriously urged. If that section of the Constitution applies, it certainly has been observed very well in the title to the ordinance. The title is broader than the act itself, but that does not affect its validity.

 Plaintiff suggests in his brief that defendants filed no statement with their demurrer of the precise legal point or points relied upon; that therefore, under subdivision (5), rule 4, Uniform Rules for the Superior Courts, they have waived the demurrer, and that therefore the court had nothing before it to determine. Such subdivision reads as follows:

"(5) When any demurrer . . . shall be filed, the party so presenting it shall at the same time file a statement of the precise legal point or points he relies upon, a copy of which statement must be served on opposing counsel in the usual manner. . . . A failure to file such statement will be considered by the court as a formal waiver of the demurrer . . . and an order to that effect will be entered in the minutes."

No minute entry of a waiver of the demurrer for failure to file a statement of the precise legal point or points was made or entered as required by the rule and, in the absence of such record, we will assume in support of the court's judgment on the demurrer that the defendants complied with the rule.

We have fully considered all of the objections to Ordinance No. 15, New Series, of the city of Glendale, and do not find it vulnerable to any of the attacks made in the plaintiff's complaint.

The order overruling the demurrer to the complaint and the judgment making the injunction permanent against the enforcement of the ordinance are not in accordance with the law. For that reason the judgment is reversed and the cause remanded, with directions that the demurrer be sustained.

LOCKWOOD, C. J., and McALISTER, J., concur.