[Civil No. 4058. Filed December 12, 1938.]

[85 Pac. (2d) 59.]

JOHN W. CORBIN, County Attorney of Maricopa County, State of Arizona, Petitioner, v. G. A. RODGERS, as Judge of the Superior Court of the State of Arizona in and for the County of Maricopa; ELBERT R. THURMAN, Judge of the Superior Court of the State of Arizona in and for the County of Santa Cruz and Herein Acting as Judge of the Superior Court of the State of Arizona in and for the County of Maricopa; and the SUPERIOR COURT of the State of Arizona in and for the County of Maricopa, Respondents.

Mr. Lin Orme, Jr., Mr. W. C. Fields and Mr. Richard Johnson, Deputies County Attorney, for Petitioner.

Mr. Herman Lewkowitz and Mr. Raymond R. Wein, for Respondent G. A. Rodgers.

LOCKWOOD, J.—This is a proceeding by John W. Corbin, as county attorney of Maricopa county, hereinafter called plaintiff, asking for a writ of prohibition against G. A. Rodgers as judge of the Superior Court of Maricopa County, Elbert R. Thurman, as judge of the Superior Court of Santa Cruz County, and the Superior Court of Maricopa County, hereinafter called defendants.

The petition is lengthy and, therefore, we do not set it forth in full. Its allegations, in substance, are as follows: On the 18th day of October, 1938, there was filed in the superior court of Maricopa county a suit wherein J. W. McLaughlin was plaintiff and Roy Merrill as sheriff of Maricopa county and plaintiff herein were defendants. The complaint alleged that the two defendants were about to arrest him, McLaughlin, and all other persons similarly situated, for the violation of article 9, section 4671 et seq., of chapter 104 of the Revised Code of 1928, by conducting a business known as "Baseball and Football Tips," and to seize and confiscate the paraphernalia, stock and cards used by

plaintiff in said business. It was further alleged that the carrying on of such business was not a violation of article 9, *supra,* but was an innocent and legitimate amusement business, and that such seizure would cause an irreparable injury of plaintiff's property rights, and a multiplicity of actions. The prayer of the complaint was for an order restraining and enjoining defendants and their deputies and agents from arresting the plaintiff, or seizing his paraphernalia used in the business aforesaid. Immediately upon the filing of said complaint a temporary restraining order was issued in accordance with the prayer of the complaint, without notice to the defendants, and thereafter summons was served on them in the usual manner.

The defendant Corbin, plaintiff in the present action, duly filed a motion to dissolve the restraining order, and also moved that the Honorable G. A. RODGERS assign the case to some other judge, which last motion was granted on November 7th by assigning the matter to the Honorable ELBERT R. THURMAN, judge of the Superior Court of Santa Cruz County.

The motion to dissolve the temporary restraining order, and various demurrers to the complaint, were argued before Judge THURMAN, and the matter was by him taken under advisement. Thereafter, and before a determination by Judge THURMAN of the motion and demurrers so submitted, this proceeding was filed, alleging that the restraining order so issued was void because made without jurisdiction, and it was prayed that a writ of prohibition issue from this court against the Honorable G. A. RODGERS and Honorable ELBERT R. THURMAN and the Superior Court of Maricopa County, barring either of them from trying the action filed by McLaughlin, as aforesaid, or from rendering any judgment therein, or enforcing the temporary injunction theretofore issued.

An alternative writ of prohibition was issued and served upon Judge RODGERS personally, and upon Judge THURMAN by registered mail. Upon the return day, counsel appeared for Judge RODGERS only, service not yet having been completed on Judge THURMAN, and demurred to the complaint on the ground that since he had assigned the case pending in the superior court to Judge THURMAN before the issuance of the writ of prohibition, no cause of action was stated by the petition for said writ as against him. This demurrer was sustained, and it was ordered by this court that Judge RODGERS be dismissed as a party defendant in the present proceeding.

It is admitted by plaintiff that after the issuance of the alternative writ of prohibition, and before the time for return thereon, Judge THURMAN had transmitted to the clerk of the Superior Court of Maricopa County, under the provisions of section 3697, Revised Code 1928, his decision upon the demurrers and motions which had been submitted to him previously, said decision being that the demurrers of the defendants were sustained, the temporary injunction previously issued dissolved, and the action dismissed. It was, however, urged by plaintiff that notwithstanding this, the decision had not ripened, and could not ripen, into a judgment until the expiration of ten days, so that, technically speaking, this proceeding was not moot, and further that, since similar situations had arisen frequently in Maricopa county in the past, it was in the interest of the orderly administration of the law and the future guidance of the superior courts and the various law enforcement officers of the state that this court should determine whether or not the superior courts had jurisdiction to restrain public officers from the enforcement of a public penal statute, and if so, under what circumstances.

 It is generally held, if it appears that a case raises questions which should be decided for the guidance of public officers in the future administration of law, it will not be dismissed as moot, but will be determined upon its merits. *Board of Examiners* v. *Marchese,* 49 Ariz. 350, 66 Pac. (2d) 1035; *United States* v. *Trans-Missouri Freight Assn.,* 166 U. S. 290, 17 Sup. Ct. 540, 41 L. Ed. 1007; *Southern Pac. Terminal Co.* v. *Interstate Commerce Com.,* 219 U. S. 498, 31 Sup. Ct. 279, 55 L. Ed. 310; *Boise City Irr. & Land Co.* v. *Clark,* (9 Cir.) 131 Fed. 415. We think this is a proper case for the application of the rule, and therefore proceed to consider the matter on the merits. The question before us is, under what circumstances, if at all, a court of equity has the right to enjoin the enforcement of a public penal statute by public officers.

 It is frankly admitted that the general rule is that such an injunction should not issue, but it is also urged that there are circumstances under which the court has not only the jurisdiction but should, in the exercise of its discretion, enjoin even the enforcement of a public law. This is held by many cases. *Miller* v. *City of Atlantic City,* 111 N. J. Eq. 260, 162 Atl. 143; *City of Louisville* v. *Lougher,* 209 Ky. 299, 272 S. W. 748; *City of Atlanta* v. *Gate City Gas Light Co.,* 71 Ga. 106; *San Diego Tuberculosis Assn.* v. *City of East San Diego,* 186 Cal. 252, 200 Pac. 393, 17 A. L. R. 513; 32 C. J. 284. It will be noticed upon an examination of these cases that the complaints practically invariably contain two features, an allegation that the enforcement of the law will result in irreparable injury to the property of the plaintiff, and that he will be forced into a multiplicity of suits at law in order to obtain redress, if he be entitled to such. In the case of *City of Bisbee* v. *Arizona Ins. Agency,* 14 Ariz. 313, 127 Pac. 722, the plaintiff asked for an injunction against the City of

Bisbee and its marshal from enforcing the terms of an ordinance of the city requiring fire insurance agents to pay a quarterly license before transacting any business. The complaint alleged (a) that the ordinance was invalid, (b) that its enforcement would result in irreparable injury not susceptible of estimation, and (c) would require a multiplicity of suits as a remedy. We pointed out therein that if the ordinance were invalid, the defendant might plead its invalidity in a criminal proceeding, and that if the trial court held his plea good, it would be a perfect defense to the prosecution. We further held that while there were cases where equity might interfere and restrain the enforcement of an ordinance criminal in its nature, an arrest made under such an ordinance must not only be illegal but accompanied by an interference with property rights, and, in substance, that if the alleged interference consisted only in preventing the party from continuing in business while the matter was being decided, and thereby losing presumptive profit from such business, such loss was not an irreparable injury to property rights such as would justify the issuance of an injunction. On a reconsideration of that case, we think the principle stated therein is correct, and we, therefore, hold that if the alleged invasion of the property rights of a plaintiff has the effect only of compelling him to cease from transacting a business claimed by the officers to be illegal, and thereby preventing him from realizing profits from such business until the validity of the law involved is finally decided, it would be an abuse of discretion to issue an injunction.

In the present case, however, there is a jurisdictional reason why the injunction was improperly issued. Section 4281, Revised Code 1928, reads, in part, as follows:

"In what cases not to be granted. An injunction cannot be granted . . . to prevent the execution of a public statute, by officers of the law, for the public benefit; . . . "

This provision came into our law in 1913 as paragraph 1459, Civil Code, the Revised Statutes of that year, and was taken from subdivision 4 of section 3423 of the Civil Code of California. It had been interpreted by the Supreme Court of that state before its adoption by us, in the case of *Wheeler* v. *Herbert,* 152 Cal. 224, 92 Pac. 353, and this case has been followed consistently since in that state. *Reclamation Dist.* v. *Superior Court,* 171 Cal. 672, 154 Pac. 845; *State Board of Equalization* v. *Superior .Court,* 5 Cal. App. (2d) 374, 42 Pac. (2d) 1076. In these cases the court states, in substance, that where the validity of the law whose execution it is sought to enjoin is not attacked, or when even though attacked, its validity is beyond question and the power of the officer to enforce it, if valid, is plain, the court has no jurisdiction to issue an injunction restraining its enforcement by the proper officers.

In the present case there is no attempt to attack the validity of article 9, chapter 104, *supra,* and, indeed, the most cursory examination of the article shows it was well within the power of the legislature to enact, and that it was the mandatory duty of the county attorney and the sheriff to enforce it. Such being the fact, it was not merely an abuse of discretion to issue the temporary restraining order, for the reason that it did not appear that there was an invasion of property rights, within the meaning of *Bisbee* v. *Arizona Ins. Agency, supra,* but under the statute the superior court was without jurisdiction to issue an injunction in this character of a case.

But Judge THURMAN, to whom the case was assigned by Judge RODGERS, has by his decision

reached the same conclusion, and since this decision will, under the statute, soon ripen into a final judgment, we think it unnecessary that the alternative writ of prohibition be made permanent, as its only effect would be to reach the same result in a different manner.

For the reason last stated, the alternative writ heretofore issued is quashed.

McALISTER, C. J., and ROSS, J., concur.