220 P.2d 222

**COUNCIL OF CITY OF PHOENIX et al. v. WINN.**

No. 5249.

Supreme Court of Arizona.

June 29, 1950.

Jack Choisser, City Atty., Jack D. H. Hays, Asst. City Atty., of Phoenix, for appellants.

C. T. McKinney, of La Jolla, Cal., for appellee.

LA PRADE, Chief Justice.

The City of Phoenix has prosecuted this appeal challenging the correctness of the judgment of the Superior Court of Maricopa County wherein the City of Phoenix, its officers, servants, agents, and employees were "perpetually enjoined and restrained from picking up, preventing the operation thereof, or in any way interfering with the plaintiff in his business of operating mechanical grabbing devices, commonly known as claw machines." This judgment of injunction was obtained by the appellee John R. Winn upon an agreed statement of facts submitted in substantiation of the allegations of his petition for injunction. The petition alleged (1) that the city had passed a series of ordinances defining games of skill and providing for their licensing, including Ordinance No. 4991, which in addition to defining games of skill and providing for their licensing contained the following section: "Section 2. The operation of mechanical grabbing devices or grabbing machines are hereby declared to be a nuisance per se, and in violation of Section 43-2701, Arizona Code Annotated 1939, and any such operation is hereby declared illegal." (2) that appellee had prior thereto been acquitted by the verdict and judgment of the Superior Court of Maricopa County of violating this particular ordinance involving the admitted operation of a mechanical grabbing or dig-

ger machine; (3) "That the respondents have threatened to pick up the claw machines (mechanical grabbing devices) of the petitioner; that such notice was given to the petitioner by the Chief of Police of the City of Phoenix, State of Arizona"; (4) that "The petitioner is carrying on a lawful business and/or businesses within the City of Phoenix, County of Maricopa, namely, the operation of mechanical grabbing machines in which the element of skill predominates over the element of chance or the element of chance does not predominate over the element of skill"; (5) "That the operation of the mechanical grabbing devices are not gambling devices"; (6) "That the petitioner has a large investment in these mechanical grabbing devices and has expended a considerable amount of time and effort in establishing his businesses"; and (7) "That if the respondents, or their agents, carry out their threat to pick up the mechanical grabbing devices of the petitioner, the petitioner will suffer great and irreparable loss, injury, and damage."

Defendants below denied the allegation that the mechanical grabbing devices are not gambling devices, and affirmatively alleged "that said mechanical grab machines are instruments that can only be used as devices for gambling, or are instruments that will be used in such a manner as to make them instruments of gambling"; admitted that petitioner had a large investment in these mechanical grabbing devices,

and that it and its officers had threatened to and would "pick up" the machines.

By virtue of the judgment as rendered apparently the trial court came to the conclusion that petitioner's grabbing machines were not gambling devices within the purview of the city ordinance declaring mechanical grabbing devices to be a nuisance per se and their operation illegal.

At the time of presentation of oral arguments in this court, the city for the first time challenged the jurisdiction of the superior court to issue an injunction in view of the provisions of section 26-104, A.C.A.1939, which section enumerates the cases in which injunction may not be granted. This section in part reads: "An injunction can not be granted * * * to prevent the execution of a public statute, by officers of the law, for the public benefit; * * *." Generally it will be presumed, nothing appearing to the contrary, that the officials and officers of the city will perform their duty. Parks v. School Dist. No. 1 of Yavapai County, 22 Ariz. 18, 193 P. 838. Here nothing is left to presumption for the reason that appellants, as officers of the law, in serving notice that they proposed to "pick up" the machines of appellee, affirmatively stated that they would attempt to enforce a public statute (city ordinance) for the public benefit. Ordinances and statutes are presumed to be valid unless it clearly appears otherwise. See Vol. 3, Ariz. Digest Annotated, Constitutional Law, ☞47 and cases cited.

We are of the opinion that the injunction was improperly issued in view of the foregoing section and its interpretation as evidenced by the reported cases of this court. See Hislop v. Rodgers, 54 Ariz. 101, 92 P. 2d 527 and Corbin v. Rodgers, 53 Ariz. 35, 85 P.2d 59, 62. In the latter case the court, after reviewing the cases dealing with this code section prohibiting the issuance of an injunction in certain cases, said: " * * * In these cases the court states, in substance, that where the validity of the law whose execution it is sought to enjoin is not attacked, or when even though attacked, its validity is beyond question and the power of an officer to enforce it, if valid, is plain, the court has no jurisdiction to issue an injunction restraining its enforcement by the proper officers."

By reference back to the allegations of the petition for the writ of injunction it will be noted that no attempt was made to attack the validity of the city ordinance. Petitioner relied solely upon the fact that his machines were not gambling devices. Not having seen fit to challenge the validity of the ordinance, the superior court under the statute was without jurisdiction to issue an injunction in this character of case.

In the absence of a statute prohibiting the issuance of an injunction in such a case as this, petitioner's pleadings below fail to make a case cognizant in equity. In Corbin v. Rodgers, supra, this court pointed out in reviewing its holdings in the case of City of Bisbee v. Arizona Insur-

ance Agency, 14 Ariz. 313, 127 P. 722: "* * * that while there were cases where equity might interfere and restrain the enforcement of an ordinance criminal in its nature, an arrest made under such an ordinance must not only be illegal but accompanied by an interference with property rights, and, in substance, that if the alleged interference consisted only in preventing the party from continuing in business while the matter was being decided, and thereby losing presumptive profit from such business, such loss was not an irreparable injury to property rights such as would justify the issuance of an injunction. * * *"

In the instant case the alleged invasion of the property rights of the plaintiff had not been accompanied by any threat of arrest. In the Corbin case, supra, it was pointed out "* * * that if the alleged invasion of the property rights of a plaintiff has the effect only of compelling him to cease from transacting a business claimed by the officers to be illegal, and thereby preventing him from realizing profits from such business until the validity of the law involved is finally decided, it would be an abuse of discretion to issue an injunction." In the case before us the validity of the city ordinance is not and never has been put in issue in any of these proceedings.

The judgment of the lower court is reversed with instructions to dissolve the writ of injunction and dismiss plaintiff's petition.

UDALL, STANFORD, PHELPS and DE CONCINO, JJ., concurring.