399 P.2d 703

**ACREAGE DEVELOPMENT, INC., an Arizona corporation, Petitioner,**

**v.**

**The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PIMA, and Gordon Farley, a Judge thereof, and Robert Daru, S. Lenwood Schorr, and Norman S. Fenton, Respondents.**

**No. 2 CA–CIV 101.**

Court of Appeals of Arizona.

March 12, 1965.

Adolph Mozes, as President of Acreage Development, Inc., in pro. per.

S. Lenwood Schorr, Tucson, for respondents.

KRUCKER, Chief Judge.

This is a proceeding by Acreage Development, Inc., an Arizona corporation, hereinafter called petitioner, asking for a writ of prohibition against Honorable Gordon Farley, sitting as Judge of the Superior Court of Pima County, Arizona, Robert Daru, S. Lenwood Schorr, and Norman S. Fenton, respondents. The matter was duly argued on February 9, 1965, and this Court, on February 11, 1965, ordered that an alternative writ of prohibition be issued, which was issued February 16, 1965.

Supplemental and additional memoranda have been filed by both the petitioner and the respondents.

The basic facts now before this Court are that on February 5, 1965, Adolph Mozes filed with the clerk of the Superior Court of Pima County, a $2,000 supersedeas bond, which was duly approved, which should satisfy any judgment in Case No. 71445 in the Superior Court of Pima County, now on appeal to the Supreme Court of Arizona.

On February 24, 1965, the receiver appointed by the Superior Court of Pima County, in Case No. 71445, filed an application for termination of the receivership of the petitioner herein, Acreage Development, Inc., an Arizona corporation, and for discharge of the receiver. In said application, the receiver and his attorney stated that they made no claim for any fees or costs against Acreage Development, Inc., and that there was no longer any purpose for the receivership nor any functions for the receiver to carry out in the matter.

As this receivership was the only thing complained of by the petitioner in seeking the writ of prohibition and as the respondents are now fully protected by the bond and the petitioner is fully protected by the application to terminate the receivership, it is the order of this Court that the alternative writ of prohibition should be and it is, therefore, quashed. Corbin v. Rodgers (1938) 53 Ariz. 35, 85 P.2d 59.

HATHAWAY and MOLLOY, JJ., concurring.