See also 650 P.2d 1246.

696 P.2d 216

**Richard S. BERRY, Plaintiff-Appellant,**

v.

**STATE of Arizona, DEPARTMENT OF CORRECTIONS, and James Ricketts, Director, Defendants-Appellees.**

**No. 1 CA–CIV 7613.**

Court of Appeals of Arizona,
Division 1, Department B.

Dec. 11, 1984.

Review Denied Feb. 13, 1985.

Robert K. Corbin, Atty. Gen. by Thomas Prose, Asst. Atty. Gen., Phoenix, for defendants-appellees.

Richard S. Berry, Tempe, in pro. per.

OPINION

GREER, Acting Presiding Judge.

The issue in this case is whether the trial court erred in dismissing the plaintiff's con-

stitutional and statutory challenges to A.R.S. § 31–233(G), a provision that grants early parole eligibility to certain offenders. We reverse.

The plaintiff-appellant, Richard S. Berry, was convicted of theft by false pretenses (A.R.S. § 13–661 under the old criminal code, effective prior to October 1, 1978) and subsequently applied for early parole eligibility under A.R.S. § 31–233(G). The statute allows parole applications by certain prisoners when there is a shortage of beds within the Department of Corrections. To be eligible, a person must have no prior felony convictions, and must have been sentenced for a class 4, 5 or 6 felony, not involving the use of a deadly weapon or dangerous instrument or the infliction of serious physical injury. Since the appellant was sentenced under the old criminal code, which did not contain "class 4, 5 or 6" felony classifications, he was found ineligible for the early parole, and his application was denied.

The appellant brought suit against the State of Arizona and the Department of Corrections, asserting that the inclusion of only class 4, 5 or 6 offenders in the statute was unconstitutional. Cross-motions to dismiss were filed, and on January 13, 1984 the state's motion was granted. Timely appeal followed.

The appellant presents the following issues:

1. Does the statute violate the Privileges and Immunities clause of the Arizona or United States Constitutions?

2. Does the statute violate the Equal Protection clause of the Arizona or United States Constitutions?

3. Is the statute retroactive, in violation of A.R.S. § 1–244?

■ We find it unnecessary to reach the constitutional and retroactivity issues raised by appellant because it is clear to us the Legislature intended A.R.S. § 31–233(G) to apply to all such felony offenders serving time in prison, not just "new code" offenders. In reaching this decision, we apply the long standing principle that where more than one construction of a statute may reasonably be given, the court will adopt that construction which upholds its constitutionality. *State v. Direct Seller's Assoc.*, 108 Ariz. 165, 494 P.2d 361 (1972); *Oglesby v. Pacific Finance Corp.*, 44 Ariz. 449, 38 P.2d 646 (1934).

■ The clear intent of A.R.S. § 31–233(G) is to relieve prison overcrowding by providing an early parole to certain offenders. We are unable to find any rational basis for a statute which would distinguish between felony offenders in this situation based upon the date the crime was committed. The only language supporting such a conclusion is the reference to "class 4, 5 or six felony." The numerical reference to these classes of felony is obviously for the purpose of categorizing the less serious felony offenders so that they may be designated as the ones eligible for early parole.

Keeping in mind that A.R.S. § 31–233(G) was enacted in 1982, long after the effective date of the criminal code, it is not surprising that the Legislature would describe the eligible felony classes with "new code" numerical designations. The important point, however, is that the numerical designations in this statute are useful only because they describe the least serious felonies. "Old code" felony crimes which are the equivalent of class 4, 5 and 6 felonies under the new code can be readily determined by the Board of Pardons and Paroles. An old code offender whose crime can reasonably be found equivalent to a class 4, 5 and 6 felony (realizing they do not parallel precisely) will be eligible for early parole if other statutory criteria are met.

The state argues that the Legislature did not wish to extend an early parole to old code offenders because to do so would alter the indeterminate sentencing decision made under the old code by the sentencing judge. We reject this contention. Old code and new code sentences are equally altered by an early parole for prison overcrowding.

For the reasons set forth, we reverse the order of dismissal entered by the trial court and remand the case with directions to

order proceedings before the Board of Pardons and Paroles consistent with this opinion.

FROEB and GRANT, JJ., concur.