757 P.2d 617

**Robert Arthur MASON, Petitioner–Appellant,**

v.

**ARIZONA BOARD OF PARDONS AND PAROLES, Respondents–Appellees.**

**No. 1 CA–CIV 9786.**

Court of Appeals of Arizona, Division 1, Department A.

July 7, 1988.

Robert Arthur Mason, In pro. per.

Robert K. Corbin, Atty. Gen. by Thomas P. Prose, Asst. Atty. Gen., Claudio Iannitelli, Student Atty., Phoenix, for respondents-appellees.

OPINION

JACOBSON, Judge.

This appeal presents one issue for our consideration: whether the special parole eligibility granted pursuant to A.R.S. § 31–233(I) due to a shortage of beds available for inmates is revocable. We hold that it is, and we affirm.

On June 15, 1986, petitioner Mason was declared eligible for special parole consideration pursuant to A.R.S. § 31–233(I), which provides:

At any given time that there is a shortage of beds available for inmates within the state department of corrections, the parole eligibility as set forth in §§ 31–411 and 41–1604.06 may be suspended for any inmate not previously convicted of a felony who has been sentenced for a class 4, 5 or 6 felony, not involving the use or exhibition of a deadly weapon or dangerous instrument or the infliction of serious physical injury pursuant to § 13–604, and such inmate shall be continuously eligible for parole.

On August 7, 1986 and December 10, 1986, petitioner appeared before the Arizona Board of Pardons and Paroles (Board),

but was denied parole on both occasions. On April 6, 1987, petitioner was informed that he would not have a parole hearing in April as expected. In response to his written request for an explanation, on April 16, 1987, he was informed by the Chair of the Board that "[t]he provisions of emergency release under 233I [A.R.S. § 31–233(I)] no longer exist once recinded [sic] by the Director of Corrections thereby making all inmates ineligible under this statute effective the date of the order." The recision order became effective in March 1987.

On June 15, 1987, petitioner filed a special action in superior court alleging that the Board had failed to perform a required duty by denying him the right to be considered for parole at a scheduled hearing in April 1987. Petitioner argued that once he was declared parole eligible under § 31–233(I), the legislature intended that he thereafter remain eligible, that is, that the special parole eligibility order issued due to a shortage of bed space was irrevocable.

On July 7, 1987, by minute entry, the trial court denied petitioner relief "for [the] reasons stated on the record." After obtaining a formal written order to that effect, in December 1987, petitioner appealed the trial court's denial of the requested relief.

■ On appeal, petitioner first contends that he could not obtain a transcript of the July 6 hearing before the trial court because he is indigent. Pursuant to A.R.S. § 13–4034, petitioner could have obtained a copy of the transcript at county expense. Rule 11(b)(1), Arizona Rules of Civil Appellate Procedure, places the duty upon the appealing party to obtain any transcript "he deems necessary for inclusion in the record."

■ On the merits, petitioner contends that once an inmate is declared parole eligible pursuant to A.R.S. § 31–233(I), such eligibility is irrevocable. He argues that any other interpretation of the statute would render the last phrase of the section —"shall be continuously eligible for parole"—superfluous.

We disagree. "The clear intent of A.R.S. § 31–233(G) [now § 31–233(I)] is to relieve prison overcrowding." *Berry v. State*, 144 Ariz. 126, 127, 696 P.2d 216, 217 (App. 1984). The statute states that "such inmate shall be continuously eligible for parole" so the language "[a]t any given time" would not be interpreted as requiring a series of orders from the Director of the Department of Corrections stating that a bed shortage was still in existence.

The only reasonable interpretation of the statutory language at issue is that the special parole eligibility is a continuous grant of eligibility until it is rescinded because the bed shortage no longer exists. Any other interpretation would lead to the absurd result that a prisoner would be entitled to parole before serving the judicially-ordered and legislatively-prescribed term, without exigent circumstances. The purpose of § 31–233(I) is to deal with such exigent circumstances, not to render an inmate irrevocably eligible for parole.

In his reply brief, petitioner for the first time argues that the Board or a member of the Board, rather than the Director, cancelled his parole hearing scheduled in April 1987. We will not address issues raised for the first time in a reply brief. Rule 13(c), Arizona Rules of Civil Appellate Procedure.

In his reply brief, petitioner also states that while he "was denied a parole hearing in April 1987, he received a parole eligibility chrono [sic] in May 1987." He asks whether the bed shortage ceased for only one month. Aside from the fact that his parole eligibility documents are not in the record, whether the shortage ceased for only one month is immaterial to the legal question whether parole eligibility granted through § 31–233(I) is revocable.

Six weeks after filing his reply brief, petitioner filed a "supplemental brief" alleging that "the bed shortage was never alleviated, for if it was, [another inmate who was parole eligible under § 31–233(I)] would not have been scheduled for, and seen by the Parole Examiner in April to prepare for his parole hearing in May." We will not address this claim because: 1. no documents in the record relate to this

assertion; and 2. petitioner has no right to raise new matters or file additional briefs without the express authorization of this court. Rule 13(c).

The judgment denying special action relief is affirmed.

CONTRERAS, P.J., and EUBANK, J., concur.