693 P.2d 1000

**STATE of Arizona, Appellee,**

v.

**Gerard B. LOUGHRAN, Appellant.**

**No. 1 CA–CR 7562.**

Court of Appeals of Arizona,
Division 1, Department C.

Jan. 10, 1985.

Roderick G. McDougall, City Atty. by Aaron J. Carreon-Ainsa, Phoenix, for appellee.

Toles & Associates by Jeremy Toles and Kenneth C. Labdon, Phoenix, for appellant.

## OPINION

EUBANK, Presiding Judge.

Appellant Gerard B. Loughran was arrested in the city of Phoenix on July 15,

1982, for solicitation of prostitution. Appellant was charged with a violation of Phoenix City Code § 23–52. Phoenix City Code § 23–52(a) reads:

> (a) A person is guilty of a misdemeanor who: (1) offers to, agrees to, or commits an act of prostitution; (2) solicits or hires another person to commit an act of prostitution; (3) is in a public place or place open to public view and manifests an intent to commit an act of prostitution; (4) aids or abets the commission of the acts prohibited by this section.

Phoenix City Code § 23–52(c)(1) provides:

> (1) A person convicted of a violation of subsection (a) of this section is guilty of a Class 1 misdemeanor punishable by imprisonment for a term of not less than five (5) days nor more than six months and, in the discretion of the court, a fine not to exceed one thousand dollars ($1,000).

Appellant was found guilty after submission of the case to the trial judge and sentenced to the mandatory minimum five days in jail. A notice of appeal was filed on March 24, 1983, to the Superior Court of Maricopa County. The judgment and sentence were affirmed on September 30, 1983, and a notice of appeal to this court was filed on October 20, 1983. This court has jurisdiction pursuant to A.R.S. § 22–375, as this case challenges the validity of a municipal statute. The issues presented are:

> (1) Is Phoenix City Code Ordinance § 23–52(a) prohibited under the Arizona Constitution as special or local legislation.
>
> (2) Does Phoenix City Code Ordinance § 23–52(a) violate the equal protection clause of the Fourteenth Amendment of the United States Constitution and Article 2, Section 13 of the Arizona Constitution.
>
> (3) Has the state, through its enactment of §§ 13–3211 and 13–1002, preempted this area of legislation.

> (4) Does Phoenix City Code Ordinance § 23–52(a) exceed the allowable scope of A.R.S. § 13–3214.

## I. SPECIAL OR LOCAL LEGISLATION

■ Appellant contends on appeal that Ordinance § 23–52(a) is special or local legislation prohibited by Article 4, Part 2, § 19 of the Arizona Constitution. Appellant argues that the ordinance in question is special legislation because it applies only in the city of Phoenix and nowhere else in the state. Article 4, Part 2, § 19 of the Arizona Constitution provides in part that:

> No local or special law shall be enacted in any of the following cases that is to say:
>
> \*    \*    \*    \*    \*    \*
>
> (7) Punishment of crimes and misdemeanors.
>
> \*    \*    \*    \*    \*    \*
>
> (20) When a general law can be made applicable.

Article 4, Part 2, § 19 of the Arizona Constitution was enacted to prevent the state legislature from bestowing favors on preferred groups or localities. *Eastin v. Broomfield*, 116 Ariz. 576, 570 P.2d 744 (1977); *citing Jones v. State Board of Medicine*, 97 Idaho 859, 555 P.2d 399 (1976). A special law applies only to certain members of a class or to an arbitrarily defined class which is not rationally related to a legitimate legislative purpose. *Arizona Downs v. Arizona Horsemen's Foundation*, 130 Ariz. 550, 637 P.2d 1053 (1981) (Arizona Downs). A general law, in contrast, is one that confers rights and privileges or imposes restrictions on all persons of a given class where the classification has a basis founded in reason. *Eastin v. Broomfield, supra*. In our instant case, appellant claims only that the city ordinance, and not the enabling legislation passed by the legislature, is special legislation.[1]

---

1. In the reply brief, appellant concedes that A.R.S. § 13–3214 is not special or local legislation. *See also Luhrs v. City of Phoenix*, 52 Ariz. 438, 83 P.2d 283 (1938).

A.R.S. § 13–3214 reads as follows:

> A. A person who knowingly engages in prostitution is guilty of a class 1 misdemeanor.

■ There is nothing about the city ordinance which renders it special legislation within the meaning of the Arizona Constitution. It operates uniformly on all persons within the jurisdictional limits of the City of Phoenix and excludes no particular persons or locations. It is not a law plainly intended for a particular case. *Luhrs v. City of Phoenix*, 52 Ariz. 438, 83 P.2d 283 (1938).

We also disagree with appellant's concept of special or local legislation.

■ A "local" law refers to a situation where one locality within a given jurisdiction is singled out for special treatment. *Great Lakes Steel Corp. v. Lafferty*, 12 F.Supp. 55, *aff'd*, 300 U.S. 29, 57 S.Ct. 329, 81 L.Ed. 485 (1937). The intent of the Arizona Constitutional prohibition against local legislation was to prevent legislative favoritism for particular localities. Thus, § 19 enumerates areas where such legislation is prohibited. An example of such prohibited local favoritism is *City of Prescott ex rel. Lodge v. O'Sullivan*, 46 Ariz. 551, 53 P.2d 69 (1935) where a statute favoring Prescott alone among all Arizona cities was found unconstitutional. Another example of a local law, in regard to the punishment of felonies and misdemeanors, is found in *State v. Blanchard*, 96 Or. 79, 189 P. 421 (1920) where the Supreme Court of Oregon, ruling upon a constitutional provision very similar to this case, used the following example of what was prohibited by the provision:

> We are of the opinion that the intent of the Constitution was to prevent a discrimination as to the punishment of the same crime in different localities: that is to say, the legislature cannot say that it shall be grand larceny to steal a horse in Yamhill County, and petty larceny in Marion County, and no crime at all in Polk County....

189 P. at 424. As the ordinance is uniform within the jurisdictional limits of the City

B. Nothing in subsection A shall prohibit cities or towns from enacting and enforcing ordinances to suppress and prohibit prostitu-

of Phoenix, it is not a local law barred by Article 4, Part 2, § 19.

## II. EQUAL PROTECTION

■ Appellant next argues that the ordinance violates the United States and Arizona Constitutions in that an individual in the city of Phoenix can be punished differently than individuals in other areas of the state for the same offense. While appellant includes this argument in his attack upon the ordinance as special legislation, this is in reality a claim of a denial of equal protection of the law.

> Although similar policies are involved, constitutional prohibitions against special legislation serve a purpose distinguishable from equal protection provisions. Equal protection is denied when the state unreasonably discriminates *against* a person or class. Prohibited special legislation, on the other hand, unreasonably and arbitrarily discriminates *in favor of* a person or class by granting them a special or exclusive immunity, privilege or franchise. (Emphasis in original).

*Arizona Downs*, 130 Ariz. at 557, 637 P.2d at 1060. As to a claim that an individual cited under the City of Phoenix ordinance is denied his equal protection rights as opposed to someone outside of the jurisdiction of the City of Phoenix who is tried under the state laws against the solicitation of prostitution, analysis of the question shows no equal protection violation.

■ Analysis of equal protection claims begins with consideration of whether appellant is entitled to either a strict scrutiny test or a rational basis test of the challenged statute. The strict scrutiny test is applied where the challenged statute is aimed at limiting a fundamental right or if the statute discriminates among individuals based upon a suspect class. *Arizona Downs*, 130 Ariz. at 555, 637 P.2d at 1058. Here appellant has identified no fundamental right denied him by the city ordinance, nor is he a member of any suspect class.

tion which provide for a punishment which is at least as stringent as subsection A.

■ In determining whether or not a rational basis exists for this city ordinance or state statute, the Fourteenth Amendment does not deny a state the power to treat different classes of persons in different ways as long as the classification is reasonable. A legislative classification will not normally be set aside if any set of facts rationally justifying it are demonstrated to or perceived by the courts. *United States v. Maryland Savings-Share Insurance Corporation*, 400 U.S. 4, 91 S.Ct. 16, 27 L.Ed.2d 4 (1970); *State v. Kelly*, 111 Ariz. 181, 184, 526 P.2d 720 (1974). In the instant situation the legislature could reasonably allow cities and towns to legislate on the matter of prostitution, as prostitution is a problem more prevalent in cities and towns. This is precisely what the legislature did in enacting A.R.S. § 13–3214 (see footnote 1). The title to the enactment (Laws of 1981, ch. 231) reads:

An Act relating to crimes; prescribing definition and classification of prostitution; prescribing applicability to certain city or town ordinances; amending section 13–3211, Arizona Revised Statutes, and amending title 13, chapter 32, Arizona Revised Statutes, by adding section 13–3214.

By enacting A.R.S. § 13–3214(B), (see footnote 1), the legislature clearly intended that cities and towns enact ordinances to suppress and prohibit prostitution and provide for punishment "at least as stringent as subsection A" (a class 1 misdemeanor).

In our opinion this act does not constitute an unreasonable classification.

■ Appellant also argues that it is a violation of equal protection that either the state criminal code violation or the city code violation could be charged against an individual in Phoenix soliciting an act of prostitution. The decision to charge a crime or which charges to file is part of the broad discretion given to prosecutors. *State v. Murphy*, 113 Ariz. 416, 555 P.2d 1110 (1976). This discretion applies to both county and municipal prosecutors. *State ex rel. Baumert v. Municipal Court*, 120 Ariz. 341, 585 P.2d 1253 (App.1978). As

there also exists prosecutorial discretion as to whether to proceed on criminal charges either at the county or municipal level, *State ex rel. Baumert v. Municipal Court*, *supra*, appellant's exposure to this discretion does not violate the Equal Protection Clause. In any event, he cannot be charged for the same crime again under the state statute.

### III. PREEMPTION BY STATE

■ Appellant also claims that the city cannot validly pass an ordinance where the state has preempted the field by the passing of a general law which can be made applicable. This argument is not persuasive as appellant has not demonstrated any intent by the state to preempt this area. Indeed, the legislative history discussed above shows that the legislature did *not* intend to preempt this particular area. Rather, it specifically authorized cities and towns to enact prostitution ordinances. A.R.S. § 13–3214(B) (see footnote 1) clearly shows an intention by the state not to appropriate this field. Further, the Charter of the City of Phoenix includes the power to regulate, restrain, and punish prostitutes, demonstrating that this is an area of local as well as statewide concern. Charter of the City of Phoenix, Chapter IV, § 2(34).

■ Appellant finally contends that even if A.R.S. § 13–3214 empowers the cities to deal with prostitution, the city's ordinance, insofar as it attempts to control *solicitation* of prostitution, exceeds this delegation of police power by the state. Appellant argues that since solicitation of prostitution is dealt with under A.R.S. §§ 13–3211 and 13–1002, solicitation of prostitution is not within the grant of police power found in A.R.S. § 13–3214(B).

A plain reading of the legislature's enactment shows no such limitations as appellant would impose. As noted before, A.R.S. § 13–3214(B) allows cities or towns to enact and enforce ordinances to "suppress and prohibit prostitution." To that end, the city ordinance not only deals with

acts of prostitution itself, but also acts precedent to an actual act of prostitution. The Arizona State Legislature's use of the word "suppress" shows an intention that the statute do more than simply prohibit the act of prostitution. Suppress means "to force into impotence or obscurity."[2] Further, the legislative history of A.R.S. § 13–3214 provides an indication of the intended scope of the grant of power. In testimony before the House Counties and Municipalities Committee, a representative of the Maricopa County Sheriff's Office said that under present law prostitution was not being controlled and a law was needed making prostitution a crime.[3] As the legislative history shows an intent to *control* prostitution as well as outlaw the act of prostitution the city could pass an ordinance aimed at controlling the city's prostitution problem in general. In our opinion, by passing an ordinance prohibiting solicitation of prostitution as part of a general plan to control prostitution, the city has acted within the scope of A.R.S. § 13–3214(B).

For the foregoing reasons, appellant's conviction and sentence are affirmed, and we hold that the ordinance of the City of Phoenix § 23–52 is constitutional.

JACOBSON, C.J., and OGG, J., concur.

**2.** *Webster's Third New International Dictionary Unabridged,* G. & C. Merriam Co., Springfield, Mass. (1969).

**3.** Minutes of Meeting of the House Counties and Municipalities Committee, March 5, 1981.