718 P.2d 487
**STATE of Arizona, Appellee,**

v.

**Gaye Colleen CHRISTI, Appellant.**

**Nos. 1 CA–CR 8739, 1 CA–CR 8740.**

Court of Appeals of Arizona,
Division 1, Department D.

Feb. 4, 1986.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Div., and Diane M. Ramsey, Asst. Atty. Gen., Phoenix, William Farrell, City Atty. by Roxanne K. Song Ong, Asst. City Prosecutor, Scottsdale, for appellee.

Kenneth C. Labdon, Cameron A. Morgan, Scottsdale, for appellant.

## OPINION

JACOBSON, Judge.

The issue raised in this appeal is whether A.R.S. § 13–3214(B), which allows municipalities to regulate prostitution, is constitutionally infirm as either a "local or special law" or a denial of equal protection.

The defendant, Gaye Colleen Christi, was charged with two counts of prostitution, in violation of Scottsdale Revised Code, § 7–304(B)(1). After a trial to the court, she was found guilty of one count of prostitu-

tion. On June 21, 1984, the defendant was sentenced to the mandatory minimum sentence of 10 days in jail, pursuant to the Scottsdale ordinance. The defendant sought an appeal to the superior court, which affirmed the judgment and sentence. The defendant then filed a notice of appeal to this court.

On appeal, the defendant raises the following issues:

(1) Does A.R.S. § 13-3214(B) violate the Arizona Constitution as a local or special law?

(2) Does A.R.S. § 13-3214(B) violate the Equal Protection Clause of the fourteenth amendment to the United States Constitution?

## SPECIAL OR LOCAL LEGISLATION

 A.R.S. § 13-3214(B) provides: "Nothing in subsection A [making prostitution a class 1 misdemeanor] shall prohibit cities or towns from enacting and enforcing ordinances to suppress and prohibit prostitution which provide for a punishment which is at least as stringent as subsection A." The defendant claims that this statute is a local or special law, violative of Article IV, part 2, § 19, of the Arizona Constitution which provides in part: "No local or special laws shall be enacted in any of the following cases, that is to say: ... (7) Punishment of crimes and misdemeanors." This portion of the Arizona Constitution was passed to prevent the state legislature from bestowing favors on preferred groups or localities. *Eastin v. Broomfield*, 116 Ariz. 576, 570 P.2d 744 (1977). Local or special laws are laws plainly intended to apply to an arbitrarily defined spectrum of cases. *Luhrs v. City of Phoenix*, 52 Ariz. 438, 83 P.2d 283 (1938). A special law applies only to certain members of a class or to an arbitrarily defined class which is not rationally related to a legitimate, legislative purpose. *Arizona Downs v. Arizona Horsemen's Foundation*, 130 Ariz. 550, 637 P.2d 1053 (1981). Similarly, a local law arbitrarily singles out one locality in a jurisdiction for special treatment. *State v. Loughran*, 143 Ariz. 345, 693 P.2d 1000 (App.1985).

The defendant concedes that *State v. Loughran, supra,* held that a City of Phoenix prostitution ordinance, indistinguishable from the challenged Scottsdale ordinance for purposes of this appeal, was not a special or local law. She argues, however, that while *Loughran* held the ordinance was not a special law, it did not reach the question whether the enabling legislation (A.R.S. § 13-3214(B)) was itself special or local legislation. She contends that the state legislature has indirectly accomplished through this statute what it could not directly accomplish.

We fail to see how A.R.S. § 13-3214(B) bestows favors upon any particular locality or preferred class. The key is that this statute, like the local ordinances passed pursuant to the grant of authority challenged in *Loughran*, operates uniformly and without favoritism across the entire area of its jurisdiction. It neither mandates that any city or town impose restrictions upon prostitution greater than those otherwise applicable under Arizona law, nor prevents any unincorporated area from attaining city status and acting upon the provision of A.R.S. § 13-3214(B).

 The defendant claims that A.R.S. § 13-3214(B) accomplishes indirectly what cannot be done directly, in violation of *State v. Yuma Irrigation District*, 55 Ariz. 178, 99 P.2d 704 (1940). In that case, the legislature attempted to create a tax exemption in conflict with a provision of the Arizona Constitution, a situation clearly distinguishable from the issue on appeal. Moreover, the Arizona legislature has not indirectly created a local or special law; it has properly delegated authority to punish prostitution so that each locality may tailor ordinances to fit its individual needs. Such delegation permits jurisdictions to act in areas where the state has not preempted the field and avoids elevating form over substance. *State v. Loughran, supra.*

## EQUAL PROTECTION

The defendant further contends that the delegation to municipal legislatures found in A.R.S. § 13–3214(B) denies her equal protection of the law. Consideration of equal protection claims depends first upon whether appellant is entitled to strict scrutiny of the challenged statute, intermediate scrutiny or a rational basis test. In this situation, rational basis review is appropriate. *State v. Loughran, supra.*

The defendant cites a large number of foreign jurisdiction cases for the proposition that duplicitous laws violate equal protection. None of these cases have any bearing upon the particular statutory scheme in this case. Several of the cases are clearly distinguishable as local laws. *See, e.g., Ex parte Sizemore,* 110 Tex.Cr.R. 232, 8 S.W.2d 134 (1928) (statute affecting one county only); *Ex parte Carson,* 143 Tex.Cr.R. 498, 159 S.W.2d 126 (1942) (statute affecting only two counties). The remaining cases address situations in which one state statute specifically calls for different classifications of punishment without a rational basis. *See, e.g., State v. Pirkey,* 203 Or. 697, 281 P.2d 698 (Or.1955) (single statute allowed either felony or misdemeanor prosecution for identical conduct); *Memet v. State,* 642 S.W.2d 518 (Tex.Ct.App.1982) (statute allowed for different classes of misdemeanor punishment without a rational basis). In short, none of the cases cited by the defendant deal with a situation similar enough to this case to be instructive.

■ In this case, the legislature could have rationally concluded that various cities have different problems with prostitution that require solutions tailored to fit local conditions. The legislature could also have found the problem to be more prevalent in urban than in rural areas. *State v. Loughran, supra* at 349, 693 P.2d 1000. A rational basis supports the enactment of A.R.S. § 13–3214(B). The defendant has not been denied equal protection of the law.

For the foregoing reasons, the sentence and conviction are affirmed.

GRANT, P.J., and SHELLEY, J., concur.