855 P.2d 795

**STATE of Arizona, Appellee,**

v.

**Randall E. CRISP, Appellant.**

**No. 1 CA–CR 92–1069.**

Court of Appeals of Arizona,
Division 1, Department D.

June 10, 1993.

Redesignated as Opinion and
Publication Ordered July 8, 1993.

Roderick G. McDougall, Phoenix City Atty. by L. Beth Barnes, Asst. City Atty., Phoenix, for appellee.

Neal W. Bassett, Phoenix, for appellant.

## OPINION

TOCI, Judge.

The defendant appeals from the order of the superior court upholding the constitutionality of Phoenix city ordinance section 23–52(a)(2). The appeal challenges only the facial validity of the ordinance which states in part: "A person is guilty of a misdemeanor who ... [s]olicits or hires another person to commit an act of prostitution."

Defendant was charged, by complaint, with soliciting an act of prostitution from an undercover police officer. After a jury trial in Phoenix City Court, defendant was convicted of violating section 23–52(a)(2). Defendant appealed to the superior court, claiming the jury instruction was improper and that the ordinance is unconstitutional.

The superior court judge concluded (1) that the words in the ordinance, "solicits" and "hires," by definition include an intent or mental element and thus the ordinance does not create a "strict liability" offense; and (2) the ordinance is not unconstitutionally vague or overbroad. The court also found, however, that the jury instruction given incorrectly stated the law and was not harmless error. The incorrect portion of the instruction read, "The State must show that the defendant spoke the words of solicitation intending that the words be understood as a request to commit an act of prostitution." The court found that the intent element of the offense must be more than simply to speak the words of solicitation with intent to have the listener believe the words.

The court analogized to Ariz.Rev.Stat. Ann. ("A.R.S.") section 13–1002, the criminal solicitation statute, and concluded that the jury instruction must make clear that, in addition to his conduct (making a request, command, etc.), the actor must intend to promote or facilitate the commission of an act of prostitution. The court reversed the conviction and remanded the matter for a new trial because the judge concluded that the jury could have found defendant innocent if it believed that the defendant did not intend to promote or facilitate the commission of an act of prostitution.

## DISCUSSION

Rule 13(b), Superior Court Rules of Appellate Procedure—Criminal provides: "No further appeal may be taken from a final decision or order under these rules, except as provided by A.R.S. § 22–375." Section 22–375(A) states in part: "An appeal may be taken ... from a final judgment of the superior court in an action appealed from a justice of the peace or police court, if the action involves the validity of a ... statute."

We have interpreted this language to limit the scope of our review solely to the facial validity of the challenged ordinance. *State v. Irving*, 165 Ariz. 219, 221, 797 P.2d 1237, 1239 (App. 1990); *State v. Wolfe*, 137 Ariz. 133, 134, 669 P.2d 111, 112 (App.1983). Our jurisdiction does not extend to examining the application of the statute to an individual defendant. *Irving*, 165 Ariz. at 221, 797 P.2d at 1239. Therefore, if we find the statute constitutional, our inquiry is at an end. *Wolfe*, 137 Ariz. at 134, 669 P.2d at 112.

First, defendant argues the ordinance lacks an intent or mens rea requirement and is unconstitutional. One who challenges the constitutionality of legislation has the burden of proof. *State v. Yabe*, 114 Ariz. 89, 91, 559 P.2d 209, 211 (App.1977). In addition, we will presume

the ordinance to be valid unless it clearly appears otherwise. *Council of City of Phoenix v. Winn,* 70 Ariz. 316, 318, 220 P.2d 222, 223 (1950). "[W]here the reasonableness of the ordinance is fairly debatable, the trial court must uphold its validity." *Klensin v. City of Tucson,* 10 Ariz. App. 399, 402, 459 P.2d 316, 319 (1969) (zoning classification constitutional and within police power). *See also State v. Cook,* 139 Ariz. 406, 408, 678 P.2d 987, 989 (App.1984).

■ Defendant correctly asserts the general rule that wrongful intent or mens rea is required before the state imposes a criminal sanction. *State v. Mincey,* 115 Ariz. 472, 478, 566 P.2d 273, 279 (1977). Exceptions to the rule occur only when the legislature clearly determines otherwise. *Id.* But, "[w]here the penal statute fails to expressly state the necessary element of scienter, this court may infer the scienter requirement from the words of the statute plus legislative intent." *Id.* (citation omitted).

■ The superior court found that the words "solicits" and "hires" include a mental state, and thus, the ordinance did not create a strict liability offense. We agree. "Strict liability offenses are the exception rather than the rule and will only be found where there is a clear legislative intent not to require any degree of mens rea." *State v. Jennings,* 150 Ariz. 90, 94, 722 P.2d 258, 262 (1986) (citation omitted). Defendant has pointed to no evidence of clear legislative intent that suggests the city council intended to create a strict liability offense.

■ In order to give the ordinance a sensible and legal construction, the superior court inferred from the words "solicit" or "hire," the intent of the actor to thereby promote or facilitate the crime of prostitution. We agree that to solicit or hire means that, by one's words and conduct, one intends to bring about the act solicited or the performance requested. One who asks or hires another to commit an illegal act thereby intends to secure, through the request and promise of payment, the illegal act.

Our holding is consistent with *State v. Berry,* 101 Ariz. 310, 313, 419 P.2d 337, 340 (1966). There, the defendant argued the absence of a scienter requirement in the child molestation statute would render "innocent-minded" parents and doctors subject to prosecution. Our supreme court, however, found a scienter requirement from the word "molest" and the general intent of the legislature drawn from the statute as a whole. "Where a penal statute fails to expressly state a necessary element of intent, it may be implied." *Id.* (citation omitted). We find no error in the superior court's interpretation of the ordinance.

■ Second, defendant argues the ordinance is overbroad because it infringes on free speech by failing to specify the requisite mental state that subjects one to criminal liability. Under our interpretation, however, words spoken with the intent to bring about the commission of an act of prostitution are not protected speech. Defendant concedes that "there is no first amendment protection for one who speaks with the intent to persuade another to commit a crime."

"[I]t has never been deemed an abridgment of freedom of speech ... to make a course of conduct illegal merely because the conduct was in part initiated, evidenced, or carried out by means of language...." *State v. Lycett,* 133 Ariz. 185, 191, 650 P.2d 487, 493 (App.1982), *quoting Giboney v. Empire Storage & Ice Co.,* 336 U.S. 490, 502, 69 S.Ct. 684, 691, 93 L.Ed. 834 (1949). *See also State v. Padilla,* 169 Ariz. 70, 817 P.2d 15 (App.1991). The ordinance does not sweep within its reach protected speech.

■ Third, defendant argues the ordinance is unconstitutionally vague. A statute or ordinance that defines prohibited conduct in such indefinite terms that a person of common intelligence must guess at its meaning or that encourages arbitrary and discriminatory enforcement is impermissibly vague. *See Matter of Pima County Juvenile Appeal No. 74802-2,* 164 Ariz. 25, 28, 790 P.2d 723, 726 (1990); *State v. Steiger,* 162 Ariz. 138, 141, 781 P.2d 616, 619 (App.1989).

Defendant's argument that reasonable persons are required to guess at the meaning of the ordinance is without merit. The ordinance advises a reasonable person that if he or she urges, asks, entices, requests, commands or engages another person to perform sexual activity for payment, intending that the requested person comply and perform the activity, the requesting person has violated the ordinance. Due process does not require "perfect notice, absolute precision [or] impossible standards. It requires only that the language of a statute convey a definite warning of the proscribed conduct." *Fuenning v. Superior Court in and for Cty. of Maricopa,* 139 Ariz. 590, 598, 680 P.2d 121, 129 (1983).

Our supreme court has upheld the validity of statutes prohibiting sexual conduct in the face of vagueness challenges. *See State v. Pickett,* 121 Ariz. 142, 589 P.2d 16 (1978) (judicial application of statute prohibiting lewd and lascivious acts to particular behavior precludes vagueness attack); *State v. Bateman,* 113 Ariz. 107, 547 P.2d 6 (1976), *cert. denied,* 429 U.S. 864, 97 S.Ct. 170, 50 L.Ed.2d 143 (1976) (statute prohibiting crime against nature and lewd and lascivious acts not vague). This ordinance informs the public of the proscribed behavior at least as clearly as those statutes. We hold it is not vague.

Fourth, defendant claims the ordinance conflicts with state law governing prostitution in an impermissible manner and is therefore invalid. Defendant concedes, however, that the city may punish prostitution more severely than the state. A.R.S. § 13–3214(B); *State v. Loughran,* 143 Ariz. 345, 349, 693 P.2d 1000, 1004 (App.1985). Nevertheless, he contends that the failure to require that a defendant "knowingly" solicit or hire produces a conflict between the state statute and city ordinance.

We will avoid finding an ordinance invalid on the ground of conflict with a state statute "if a reasonable interpretation of the ordinance" will do so. *Fendler*

*v. Texaco Oil Co.,* 17 Ariz.App. 565, 570, 499 P.2d 179, 184 (1972). Under the interpretation of the ordinance approved in this decision, no conflict exists between the state statute and the city ordinance. Further, A.R.S. section 13–3214 makes clear that the legislature did not intend to preempt the field of regulation of prostitution. *See Loughran,* 143 Ariz. at 349, 693 P.2d at 1004.

For the reasons stated above, we find the Phoenix city ordinance, section 23–52(a)(2), constitutional on its face. We affirm the judgment of the superior court.

CLABORNE and SHELDON *, JJ., concur.