876 P.2d 1158

**STATE of Arizona, Appellee,**

v.

**Shirley AVERYT and Robert Averyt, Appellants.**

**Nos. 1 CA–CR 92–0557, 1 CA–CR 92–0558.**

Court of Appeals of Arizona,
Division 1, Department D.

March 8, 1994.

Review Granted July 11, 1994.

OPINION

GERBER, Judge.

Shirley and Robert Averyt (the Averyts) were found guilty by a jury of three counts of failure to file an Arizona income tax return for the years 1987, 1988, and 1989, class 5 felonies, in violation of Ariz.Rev.Stat.Ann. ("A.R.S.") section 42–137(B)(4). After granting the state's motion to dismiss the allegation of *Hannah*[1] priors, the trial court placed the Averyts on probation for three years and imposed one-year, flat-time jail terms as a condition of probation. On appeal, the Averyts challenge the constitutionality of the statute supporting their convictions. They also challenge the trial court's ruling regarding the elements of the crime charged. In this opinion, we hold that the statute is constitutional; however, we find that the trial court erred in failing to instruct the jury on an essential element of the offense. We therefore reverse the convictions and sentences and remand for a new trial.

## BACKGROUND

In February 1991, the Arizona Department of Revenue ("ADOR") began investigating the Averyts regarding their failure to file state income tax returns for 1987, 1988, and 1989. The Averyts were interviewed by two ADOR criminal investigators. Mr. Averyt admitted that the couple did not file returns for 1988 and 1989; however, he thought that they had filed a return for 1987. Mrs. Averyt told investigators that she knew that they had not filed returns for the three years in question. She stated that she was responsible for keeping the couple's tax records, while Mr. Averyt was responsible for the actual completion and filing of the returns. The Averyts claimed during their interviews that they had been involved in several complicated real estate transactions in 1988 and 1989 and did not know how to prepare the returns for those years. Mr. Averyt told the investigators that he did not have the money to hire an accountant to prepare the returns.

Prior to trial, the Averyts filed a motion to dismiss the indictment. They claimed that because they subsequently filed their delin-

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., and Jon G. Anderson, Asst. Atty. Gen., Phoenix, for appellee.

Barry Becker, Phoenix, for appellants.

Burch & Cracchiolo, P.A. by Stephen E. Silver and Stephen M. Hart, Phoenix, for amicus curiae.

1. *State v. Hannah,* 126 Ariz. 575, 617 P.2d 527 (1980).

quent tax returns, the criminal violations had been cured. They also claimed that if the statute did not allow such a cure, then it was unconstitutionally vague for failing to specify the date upon which criminal liability commences. The trial court denied the motion. The court noted that A.R.S. section 43–325 requires income tax returns to be filed by April 15. It found that the Averyts' criminal liability therefore commenced on April 16. The court further found that A.R.S. section 42–137(B)(4), when read in context with A.R.S. section 43–325, provided adequate notice and was not unconstitutionally vague.

The prosecutor filed a motion in limine prior to trial in which he sought to preclude both the testimony of a defense expert and the introduction of the Averyts' tax returns for 1987, 1988, and 1989. The Averyts sought to introduce the expert's testimony and the returns in support of their position that they believed their duty to file tax returns required that they file only *accurate* tax returns; until they could file accurate returns, they felt that they did not have a duty to file. They contended that the testimony of the expert witness and the copies of their tax returns were necessary to demonstrate the legitimacy of this belief to the jury.

The prosecutor argued that, under Arizona law, the state has no duty to prove that the Averyts knew they had a legal duty to file their tax returns. The prosecutor maintained that the proffered evidence therefore was irrelevant. The trial court agreed and granted the state's motion to preclude the evidence.

After hearing the testimony of the two ADOR investigators, the jury returned guilty verdicts on all counts.

The Averyts raise two issues in this consolidated appeal:

1) **Is A.R.S. section 42–137(B) unconstitutionally vague?**

2) **Did the trial court err in its jury instruction regarding the elements of the crime?**

### DISCUSSION

#### I. *Constitutionality of the Statute*

The Averyts contend that the statute under which they were convicted, A.R.S. section 42–137(B), is susceptible to more than one interpretation. They assert that the statute is unconstitutionally vague regarding the point in time at which criminal liability attaches and regarding the element of intent. We disagree.

▆ In analyzing such a challenge, this court is required to construe the statute so that, if fairly possible, it will be constitutional. *Schecter v. Killingsworth,* 93 Ariz. 273, 282, 380 P.2d 136, 142 (1963). A penal statute will be held to be vague if "it fails to give persons of average intelligence reasonable notice of what behavior is prohibited...." *State v. Steiger,* 162 Ariz. 138, 141, 781 P.2d 616, 619 (App.1989). The due process requirement of a fair and definite warning, however, does not mandate absolute precision. *Id.*

#### *When Criminal Liability Attaches*

▆ Prior to trial, the Averyts filed a motion to dismiss the indictment. They claimed that the failure of A.R.S. section 42–137(B)(4) to expressly set forth the date upon which criminal liability attaches indicates that the legislature intended to allow taxpayers the opportunity to unilaterally terminate a criminal prosecution by filing their returns at any time prior to conviction. Such a construction, however, effectively renders the statute a nullity. *See State v. Crisp,* 175 Ariz. 281, 282–83, 855 P.2d 795, 796–97 (App.1993) (appellate court will presume the validity of an ordinance unless it clearly appears otherwise); *see also State v. Cook,* 139 Ariz. 406, 408, 678 P.2d 987, 989 (App.1984) (under the rules of construction there is a presumption in favor of constitutionality). Furthermore, this contention can only be supported by reading the statute in a vacuum, without regard to the tax code as a whole.

Title 42 of the Arizona Revised Statutes sets forth the provisions governing the tax laws in general. A.R.S. § 42–101 to –1836. Title 43 sets forth the provisions governing the taxation of income by the state. A.R.S. § 43–101 to –1413. The time for filing state income tax returns is set forth within A.R.S. section 43–325 as follows: *"Unless other-*

*wise indicated,* returns made on the basis of the calendar year shall be filed on or before the fifteenth day of April following the close of the calendar year." (Emphasis added.)

The provisions governing criminal violations of the tax law are set forth under the general administrative provisions of the code within A.R.S. section 42–137. Subsection B of this statute, under which the Averyts were convicted, provides in pertinent part: "It is a class 5 felony to ... [k]nowingly fail to file a return or supply required information...." Because a different filing date is not "otherwise indicated" within A.R.S. section 42–137(B)(4), the filing date expressly set forth within A.R.S. section 43–325 applies. *See Redewill v. Superior Court,* 43 Ariz. 68, 75–76, 29 P.2d 475, 478 (1934) (where there is a general statute on a subject and another dealing with a part of the same subject, it is a general rule of construction that the two shall be read together and harmonized to give full effect to legislative intent).

The Averyts argue that the placement of the statute governing criminal violations for the failure to file a return within Title 42 violates the notice requirements of due process because a person who seeks information on all of the statutes regarding Arizona income tax would turn only to Title 43, where he would find no provisions governing the criminal consequences of his failure to file his income tax return. This argument is without merit.

The table of contents to Title 43 directs the reader to chapter 8 for a review of the statutes governing interest and penalties for income tax violations. A review of chapter 8 in the supplement to Title 43 clearly informs the reader that the penalty sections have been repealed and lists the cross-references for the new statutes by section within Title 42. A.R.S. § 43–842 (Supp.1993).

In sum, A.R.S. sections 42–137(B)(4) and 43–325, read together, give fair warning that the knowing failure to file a tax return on or before the fifteenth day of April following the end of the calendar year subjects one to criminal liability. Thus, the failure to file statute is not vague with respect to when criminal liability attaches.

## Vagueness of the Mens Rea Requirement

■ As an alternative argument, the Averyts contend that the mental state of "knowingly" required by A.R.S. section 42–137(B)(4) is ambiguous unless equated with the definition of "willfully" in the federal tax code. They allege that, in the absence of such an interpretation, the statute criminalizes seemingly innocent or merely negligent omissions. They present several hypothetical situations in support of this argument.

We need not consider whether the statute is vague when applied to these hypothetical situations because the Averyts have no standing to assert such claims. *See State v. Duran,* 118 Ariz. 239, 244, 575 P.2d 1265, 1270 (App.1978) (one whose conduct falls squarely within the clearly defined core of a statute may not complain that the statute might be vague when applied to others); *State v. Steiger,* 162 Ariz. at 144, 781 P.2d at 622 (litigant whose conduct falls clearly within a statute's legitimate scope may still have standing to challenge its constitutionality, but only where the statute is alleged to intrude upon first amendment protections).

■ The principal rule of statutory construction requires the court to interpret and give meaning to legislative intent. *State v. Fendler,* 127 Ariz. 464, 473, 622 P.2d 23, 32 (App.1980), *cert. denied,* 452 U.S. 961, 101 S.Ct. 3108, 69 L.Ed.2d 971 (1981). The words used by the legislature will be given their plain and ordinary meaning unless the context requires a different meaning. *Id.* The United States Supreme Court has long recognized that an otherwise vague or indefinite statute may be saved by requiring proof of a specific intent to do a prohibited act. *E.g., Screws v. United States,* 325 U.S. 91, 101, 65 S.Ct. 1031, 1035, 89 L.Ed. 1495 (1945). However, when the penalty prescribed is "for an act knowingly done with the purpose of doing that which the statute prohibits," the accused cannot complain that he lacked sufficient warning that his conduct would amount to a violation of the law. *Id.* at 102, 65 S.Ct. at 1036.

[8] With respect to the statute under consideration, the legislature has enacted several modifications over the past fifteen

years. Prior to 1978, A.R.S. section 43–179(f), one of the predecessors to A.R.S. section 42–137(B)(4), provided as follows:

(f) *Failure to file or supplying false information—intent to evade.* Any person who, within the time required by or under the provisions of this title, **willfully** fails to file any return or to supply any information **with intent to evade** any tax imposed by this title ... is punishable by imprisonment in the county jail not to exceed one year, or in the state prison not to exceed five years, or by fine of not more than five thousand dollars, or by both such fine and imprisonment, at the discretion of the court.

Act of June 9, 1978, ch. 201, § 783, 1978 Ariz.Sess.Laws 940. (Emphasis added.)

When the 1978 legislature undertook a major revision of the criminal code and several other statutes relating to crimes and offenses, A.R.S. section 43–179(f) was modified and renumbered as follows:

(e) *Failure to file or supplying false information—intent to evade.* Any person who, within the time required by or under the provisions of the title, **knowingly** fails to file any return or to supply any information **with intent to evade** any tax imposed by the title ... is guilty of a class 6 felony. (Emphasis added.)

Act of June 9, 1978, ch. 201, § 783, 1978 Ariz.Sess.Laws 940. (Emphasis added.)

One week after the enactment of the above-referenced act, the legislature passed the Arizona Income Tax Act of 1978, which amended several provisions of Title 43. Act of June 17, 1978, ch. 213, § 2, 1978 Ariz.Sess.Laws 1085. However, with regard to A.R.S. section 43–179(e), the Income Tax Act of 1978 did not change the wording of that provision, but only renumbered it as A.R.S. section 43–842. *Id.* at 1123–24.

The provision under which the Averyts were convicted was enacted in 1985 when the legislature significantly revised the tax code under Titles 42 and 43. 1985 Ariz.Sess.Laws 1462–64. At that time, A.R.S. section 43–842 was repealed and replaced with A.R.S. section 42–137(B)(4) as follows:

B. It is a class 5 felony to:

4. **Knowingly fail to file a return or supply required information,** or falsify or conceal a material fact, document or record, make a false, fictitious or fraudulent statement or representation or make or use a false writing or document knowing it to contain a false, fictitious or fraudulent statement or entry, with intent that the department rely on the false, fictitious or fraudulent statement or entry in determining tax liability under this article. (Emphasis added.)

*Id.* at 1488. (Emphasis added.)

■ Under the rules of statutory construction, when the legislature modifies the language of a statute, there is a presumption that a change in the existing law was intended. *See State v. Bridgeforth,* 156 Ariz. 60, 63, 750 P.2d 3, 6 (1988) (statutory amendment eliminating phrase "and intentionally" shifted focus of culpable mental state from knowing and intentional to that of knowledge only). When the legislature revised the failure to file provision in 1978, it replaced the culpable mental state of "willfully" with the mental state of "knowingly." *See* A.R.S. § 43–179(e) (formerly A.R.S. § 43–179(f), later renumbered as A.R.S. § 43–842). In the minutes of the Judiciary Committee meeting on the bill, two of the committee members noted that the changes in mental state from "willfully" to "knowingly" in several of the statutes would simplify prosecution under those statutes. *Hearings on H.B. 2025 before the Judiciary Committee,* 33d Leg., 2d Reg.Sess. (1978) (committee minutes Jan. 24, 1978).

As part of the 1985 revision, the legislature omitted the requirement of a specific intent to evade any tax imposed by law. In addition, the felony designation was elevated from a class 6 felony to a class 5 felony. *See* A.R.S. § 42–137(B)(4) (formerly A.R.S. § 43–842). The Averyts and counsel for *amicus curiae* argue that the legislature's omission of the "intent to evade" was somehow accidental or unintentional, and thus, this court should hold that the scienter requirements under A.R.S. section 42–137(B)(4) remain the same as those of former A.R.S. section 43–842.

To interpret the statute in such a way would exceed our authority because it would require us to reinsert words of limitation which the legislature has expressly omitted. *See State v. Steiger*, 162 Ariz. at 146, 781 P.2d at 624. By reintroducing a specific intent to evade the payment of a tax, we would be encroaching upon the legislature's power to define the acts that constitute crimes. *Id.* The statute, as amended, still requires proof of a "knowing" mental state and is therefore not an improper strict liability crime for which the court would have to infer the element of scienter. *See State v. Mincey*, 115 Ariz. 472, 478, 566 P.2d 273, 279 (1977), *rev'd on other grounds, Mincey v. Arizona*, 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978) (the established rule, with few exceptions, prohibits criminal punishment without wrongful intent); *see also State v. Crisp*, 175 Ariz. 281, 283, 855 P.2d 795, 797 (App.1993) (when a criminal statute fails to expressly state a *mens rea*, this court may infer the scienter requirement from the words of the statute and the intent of the legislature). We conclude that A.R.S. section 42–137(B)(4) is not vague or ambiguous with regard to the mental state required for its violation.

## II. *Jury Instruction on the Elements of the Offense*

■ The Averyts contend that the trial court erred in limiting the scope of the applicable mental state contained within A.R.S. section 42–137(B)(4) such that the state was required to prove only that the defendants knew they had not filed tax returns by April 15. They further argue that by so limiting the element of intent, the court improperly restricted the available defenses to the crime.

The state contends that Arizona law, unlike federal law, does not require the state to prove that the Averyts knew of their legal duty to file a tax return but only that they knew they had failed to file a particular return. We disagree. We need not rewrite the statute, however, nor attempt to harmonize it with a dissimilar federal provision as the Averyts and *amicus curiae* have urged us to do.[2]

■ A fundamental principle of criminal law prohibits conviction for evil thoughts alone. There must be an act or an omission to act before a criminal penalty may be imposed. *State v. Dale*, 121 Ariz. 433, 434, 590 P.2d 1379, 1380 (1979). In order for an omission to act to be a crime, however, there must exist a duty to act imposed by law. *State v. Angelo*, 166 Ariz. 24, 27, 800 P.2d 11, 14 (App.1990). The United States Supreme Court long ago confirmed that notice is ingrained in the notion of due process and is required in situations in which punishment could be imposed for the mere failure to act. *Lambert v. California*, 355 U.S. 225, 228, 78 S.Ct. 240, 242–43, 2 L.Ed.2d 228 (1957).

In *Lambert*, the court confronted a Los Angeles, California ordinance making it unlawful for any convicted felon to remain in the city for more than five days without registering with the police. *Id.* at 226, 78 S.Ct. at 242. The court held that for such a conviction to comport with due process, the state must prove that the accused had or probably had actual knowledge of the duty to register. *Id.* at 229, 78 S.Ct. at 243. This court has applied the same *Lambert* rationale to failure to register as a sex offender, holding that in cases of wholly passive conduct, arising only from a duty imposed by statute, the defendant's knowledge of that statutory duty must be established. *State v. Garcia*, 156 Ariz. 381, 382, 752 P.2d 34, 35 (App.1987); *cf. State v. Morgan*, 167 Ariz. 463, 465, 808 P.2d 348, 350 (App.1991) (duty to return rental property does not arise only from a statute but arises also from the rental relationship itself, thus the defendant's knowledge of the duty was not an element for the state to prove).

■ In the present case, both the duty to file state income tax returns and the duty to pay income taxes to the state arise strictly from statute. A.R.S. §§ 43–102(A)(4) and

---

2. Internal Revenue Code section 7203 (1988) provides in pertinent part:

"Any person required ... to make a return, keep any records, or supply any information, who **willfully** fails to ... make such return, keep such records, or supply such information ... shall ... be guilty of a misdemeanor...." (Emphasis added.)

43–301 (Supp.1993). In the absence of these statutes, earning an income and keeping all of those earnings for one's own use, by themselves, would not normally alert a person to any negative consequences. *See Lambert,* 355 U.S. at 228, 78 S.Ct. at 243. We hold that a conviction of the crime of failure to file a state income tax return cannot be sustained without proof of the defendant's knowledge of his duty to file such return.

The trial court here instructed the jury on the elements of the offense as follows:

Elements of the crime: On counts I, II and III, the crime of failing to file Arizona personal income tax returns requires proof of the following:

1. A defendant earned at least $5,000 gross income in Arizona for the tax year; and

2. The defendant failed to file an Arizona personal income tax return by April 15th of the year following the tax year; and

3. The failure to file an Arizona personal income tax return was done knowingly.

The State is not required to show that tax is due and owing to prove this offense.

■ The instruction given was incomplete and hence incorrect because the jury was not told that the element of knowledge applied to both the element of the failure to file and the element of the duty to file. An instruction that omits an element of the offense charged is not "substantially free from error," and cannot be said to have properly reflected the correct law. *Cf. State v. Walton,* 159 Ariz. 571, 584, 769 P.2d 1017, 1030 (1989), *aff'd, Walton v. Arizona,* 497 U.S. 639, 110 S.Ct. 3047, 111 L.Ed.2d 511 (1990) (defendant suffers no prejudice when instructions, read as a whole, adequately reflect the law and are substantially free from error), *quoting State v. Norgard,* 103 Ariz. 381, 383, 442 P.2d 544, 546 (1968).

■ The due process clause protects a defendant against conviction for a criminal offense "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970). Without the proper instruction, the prosecutor was relieved of the burden of proving the Averyts' knowledge of their duty to file state tax returns. Such an error cannot be considered harmless, and the convictions must be reversed.

■ Furthermore, upon a retrial of the case, the Averyts must not be precluded from presenting evidence in support of their defense that their knowledge of the duty to file tax returns was flawed. Preventing the jury from considering evidence which might negate the *mens rea* of the crime would seriously undermine the protections embodied within the sixth amendment's jury trial provision. *See Cheek v. United States,* 498 U.S. 192, 203, 111 S.Ct. 604, 611–12, 112 L.Ed.2d 617 (1991) (jury instruction which prevented the jury from considering evidence of defendant's belief that he had no duty to file a tax return because he did not believe that wages were taxable income was error).

■ It is not beyond the realm of possibility "for a defendant to be ignorant of his duty based on an irrational belief that he has no duty." *Id.* Because knowledge and belief are questions for the finder of fact, it is error to prevent a defendant from presenting evidence which could raise a reasonable doubt as to an element of the offense. *Id.* Assessing the credibility of such a belief is for the jury to decide. "The more unreasonable the asserted beliefs ... the more likely the jury will consider them to be nothing more than simple disagreement with known legal duties imposed by the tax laws and will find that the Government has carried its burden of proving knowledge." *Id.* at 203–04, 111 S.Ct. at 611–12.

## CONCLUSION

For the foregoing reasons, the convictions and sentences imposed upon Shirley and Robert Averyt are reversed. The cases are remanded for proceedings consistent with this opinion.

CLABORNE, P.J., and McGREGOR, J., concur.