NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

v.

JUSTIN WHEATON,
*Appellant*.

No. 1 CA-CR 19-0699
FILED 2-16-2021

Appeal from the Superior Court in Maricopa County
No.  CR2018-002455-001
The Honorable Jennifer C. Ryan-Touhill, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

The Susser Law Firm, PLLC, Chandler
By Adam M. Susser
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Paul J. McMurdie joined.

---

**M O R S E**, Judge:

**¶1**        Justin Wheaton appeals his convictions and sentences for one count of second-degree murder, six counts of assault with a deadly weapon, and one count of discharging a firearm at a structure.  After searching the entire record, Wheaton's defense counsel identified no arguable question of law that is not frivolous.  Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error.  Wheaton has filed a supplemental brief in propria persona.[1]  Finding no reversible error, we affirm Wheaton's convictions but modify his sentence to reflect the correct presentence incarceration credit.

### FACTS[2] AND PROCEDURAL BACKGROUND

**¶2**        In February 2018, Wheaton and several of his friends patronized the T&A Cabaret, a gentleman's club in Phoenix ("Club").  Wheaton and his friends were asked to leave the Club and a fight broke out.  Wheaton fired several shots, killing one patron, wounding two others, and placing four Club employees in fear for their lives.  Wheaton left before police arrived and fled the state.

**¶3**        After reviewing the Club's security camera footage, two Club employees identified the shooter to police.  After viewing a still photo of

---

[1]        Wheaton also filed a motion requesting a discharge because the State did not file an answering brief under Arizona Rule of Criminal Procedure 31.13(a)(2).  Pursuant to our order filed July 29, 2020, "the filing of an answering brief by [the State] shall await the further order of this court."  Because we did not order the State to file an answering brief, we deny Wheaton's motion as moot.

[2]        "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Valencia,* 186 Ariz. 493, 495 (App. 1996).

the footage, a Phoenix police detective identified Wheaton as the person in the video. A search of Wheaton's social media accounts revealed incriminating messages, including "I'm wanted in questioning for a homicide." Wheaton also texted that he was ". . . on the run for some shit that . . . will make me never see the light of day again."

¶4 Wheaton was charged with (Count 1) second-degree murder, (Count 2) discharging a firearm at a structure, and (Counts 3-8) assault with a deadly weapon. An eight-day jury trial was held. The State presented testimony from 13 witnesses, including: two responding police officers, three detectives, the medical examiner, three Club patrons, the Club manager, the Club's "doorman," and two other Club employees.

¶5 After the State rested, Wheaton's counsel moved for judgment of acquittal under Arizona Rule of Criminal Procedure ("Rule") 20. The court denied the motion, reasoning that the State presented substantial evidence to meet the elements for all counts. Wheaton testified, admitted being at the Club during the shooting, but denied any involvement. After a hearing, the court allowed the State to impeach Wheaton with three prior felony convictions. *See* Ariz. R. Evid. 609.

¶6 The jury found Wheaton guilty as charged. The trial court conducted the sentencing hearing in compliance with Wheaton's constitutional rights and Rule 26. The trial court imposed an aggregate term of 40 years in prison—7.5 years imprisonment on Count 3, a consecutive sentence of 25 years on Count 1, and a consecutive term of 7.5 years imprisonment on Counts 2 and 4-8 served concurrently. The court awarded Wheaton 483 days of presentence incarceration credit. Wheaton timely appealed and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶7 Wheaton raises multiple arguments in his pro per supplemental brief. Additionally, during our independent review of the entire record for fundamental error, *State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011), we discovered the superior court erred in the calculation of Wheaton's presentence incarceration credit.

## I. Issues Raised by Wheaton.

¶8 Wheaton first asserts his convictions are defective because the State did not charge him with possession of a firearm. Wheaton reasons that "you can not discharge a firearm without possess[ing] one due to the

nature of this crime." Wheaton argues that the State therefore failed to prove all the elements of the charged offenses. We reject Wheaton's argument.

¶9 Prosecutors have broad discretion to charge defendants with the crimes he or she thinks appropriate, and we will not interfere with that discretion unless the prosecutor acts illegally or in excess of his or her powers. *State v. Murphy*, 113 Ariz. 416, 418 (1976). While a conviction for discharging a firearm at a structure requires the State to prove the defendant "knowingly discharge[d] a firearm," A.R.S. § 13-1211(B), the State is not required to charge a defendant with both possessing and discharging a firearm. *See State v. Loughran*, 143 Ariz. 345, 349 (App. 1985) ("The decision to charge a crime or which charges to file is part of the broad discretion given to prosecutors."). Here, the State presented sufficient evidence to support Wheaton's convictions by proving he fired a weapon at a structure, caused the death of one person, seriously injured two others, and caused four more to reasonably fear for their lives.

¶10 Wheaton also claims, without elaboration, that the court lacked subject-matter jurisdiction. The superior court has original jurisdiction over felony criminal cases and accordingly had subject-matter jurisdiction. Ariz. Const. art. 6, § 14(4); A.R.S. § 12-123(A); *see also State v. Payne*, 223 Ariz. 555, 559, ¶ 6 (App. 2009) (noting subject-matter jurisdiction is power to hear and determine cases of general class to which particular proceedings belong).

¶11 Finally, Wheaton alleges ineffective assistance of trial and appellate counsel. Such claims "are to be brought in Rule 32 proceedings. Any such claims improvidently raised in a direct appeal . . . will not be addressed by appellate courts regardless of merit." *State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002). Accordingly, we do not consider this claim.

## II. Presentence Incarceration Credit.

¶12 The court awarded Wheaton 483 days of presentence incarceration credit, calculated from August 10, 2018, until December 5, 2019. However, Wheaton was arrested on July 25, 2018, in Shelby County, Tennessee and interviewed by an Arizona homicide detective that same day. On August 10, 2018, Wheaton was extradited from Tennessee to Arizona.

¶13 A defendant is entitled to all presentence incarceration credit for time spent in custody. *See* A.R.S. § 13-712(B), -903(F); *State v. Mathieu*, 165 Ariz. 20, 25 (App. 1990). Failure to award full credit for time served in

presentence incarceration is fundamental error that may be raised at any time. *State v. Cofield*, 210 Ariz. 84, 86, ¶ 10 (App. 2005). If the defendant is held in custody in another state solely on an Arizona charge, the defendant is entitled to credit. *Compare State v. Mahler*, 128 Ariz. 429, 430 (1981) (finding defendant entitled to credit for time spent in custody awaiting extradition from Nevada after arrest as a fugitive from justice); *with State v. Lalonde*, 156 Ariz. 318, 320 (App. 1987) (finding no entitlement to credit for time spent in custody in another state because of a charge in that other state).

¶14　　　Based on our review of the record and the superior court file, Wheaton was held in custody for 16 days in Shelby County, Tennessee solely for the charges in this case. Accordingly, Wheaton is entitled to 499 days of presentence incarceration credit.

## III.　Fundamental Error Review.

¶15　　　After our review of the record for fundamental error, *see Leon*, 104 Ariz. at 300, we found no other issues. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and the record reveals that counsel represented Wheaton at all stages of the proceedings. There was sufficient evidence from which the jury could determine, beyond a reasonable doubt, that Wheaton is guilty of the charged offenses. The jury was properly comprised of twelve members. *See* A.R.S. § 21-102(A). The trial court properly instructed the jury on the presumption of innocence, the burden of proof, and the elements of the charged offenses. The court received a presentence report. At sentencing, Wheaton was given an opportunity to speak and the court stated on the record the evidence and factors it considered in imposing the sentences. *See* Ariz. R. Crim. P. 26.9, 26.10. The sentences imposed were within the statutory limits. *See* A.R.S. §§ 13-701, -704, -710, -711.

¶16　　　Upon the filing of this decision, defense counsel shall inform Wheaton of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Wheaton shall have thirty days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

## CONCLUSION

**¶17** We affirm Wheaton's conviction and modify his sentence to reflect 499 days of presentence incarceration credit.



AMY M. WOOD • Clerk of the Court
FILED: AA